In the Matter of WESTERN ELECTRIC COMPANY, INCORPORATED, Appellant, against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent.

Argued December 2, 1937; decided January 11, 1938.

*Homer H. Breland, Craddock M. Gilmour* and *T. Brooke Price* for appellant. The enabling act (L. 1934, ch. 873, as amd. L. 1935, ch. 601), as construed by the courts below, is unconstitutional in so far as it attempts to delegate to a municipality the legislative power of the State to regulate the jurisdiction of the Supreme Court. (*People ex rel. Unger* v. *Kennedy,* 207 N. Y. 533; *Stanton* v. *Essex County,* 191 N. Y. 428; *Adler* v. *Deegan,* 251 N. Y. 467; *Schieffelin* v. *Leary,* 219 App. Div. 660; *Gennis* v. *Milano,* 135 Misc. Rep. 209; *Clarke* v. *City of Rochester,* 28 N. Y. 605; *New York Steam Corp.* v. *City of New York,* 268 N. Y. 137.) The construction placed upon the enabling act by the courts

below that the Legislature thereby intended to delegate to a municipality power to regulate the jurisdiction of the Supreme Court is erroneous. (*Brolan* v. *United States*, 236 U. S. 216.)

Paul Windels, Corporation Counsel (*Paxton Blair, Oscar S. Cox* and *Frank J. Derrick* of counsel), for respondent. The enabling act conferred upon the city the power to qualify the review of the Comptroller's determinations by requiring the prepayment of the tax and the filing of a bond. (*Brewster* v. *Gage*, 280 U. S. 327; *Hartley* v. *Commissioner of Internal Revenue*, 295 U. S. 216; *First Nat. Bank* v. *United States*, 86 Fed. Rep. [2d] 938; *Bullock* v. *Cooley*, 225 N. Y. 566; *Continental Casualty Co.* v. *Shankel*, 88 Fed. Rep. [2d] 819; *Bull* v. *United States*, 295 U. S. 247; *Matter of Lehigh Valley R. R. Co.* v. *Sohmer*, 174 App. Div. 732; *Matter of 134 William St. Co.* v. *Lynch*, 240 App. Div. 935; *Exchange Oil Co.* v. *State*, 80 Okla. 52.) The delegation of such power to the city and its subsequent exercise of that power do not offend against any provision of the State Constitution. (*Cleveland* v. *City of Watertown*, 222 N. Y. 159; *Schieffelin* v. *Hylan*, 236 N. Y. 254; *Bareham* v. *City of Rochester*, 246 N. Y. 140; *Gautier* v. *Ditmar*, 204 N. Y. 20.)

Per Curiam. We agree with the courts below that the language of the enabling act impliedly authorized the city to impose the requirement of the deposit of the disputed tax and the posting of a bond as a condition of judicial review of the action of the local taxing authorities. We are also of opinion that the statute does not violate the provisions of the Constitution of the State invoked by the appellant.

The order should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN and HUBBS, JJ., dissent on the ground that under the enabling act such power was not conferred upon the city.

Order affirmed.