RICHFIELD OIL CORPORATION OF NEW YORK, Appellant,
*v.* CITY OF SYRACUSE, Respondent.

LAURA MCCARTHY et al., Appellants, *v.* CITY OF SYRACUSE,
Respondent.

Argued November 17, 1941; decided January 15, 1942.

*John Carroll Young* for Richfield Oil Corporation, appellant. The provisions of the tax and assessment act (L. 1906, ch. 75) and the law applicable to special assessments in the city of Syracuse are unconstitutional and the assessment is void by reason thereof. (*Stuart* v. *Palmer,* 74 N. Y. 183; *Gedney* v. *Marlton Realty Co.,* 258 N. Y. 355; *Matter of Floyd-Jones* v. *Town Board of Oyster Bay,* 249

N. Y. 398; *Browning* v. *Hooper*, 269 U. S. 396; *Gilman* v. *Tucker*, 128 N. Y. 190; *People ex rel. Schick* v. *Marvin*, 246 App. Div. 74; *Matter of Paul*, 94 N. Y. 497; *Harris* v. *People*, 59 N. Y. 600; *Matter of Mayor*, 99 N. Y. 570; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *People ex rel. Mut. Trust Co.* v. *Miller*, 177 N. Y. 51; *Smith* v. *Browning*, 225 N. Y. 358; *Matter of Long Island R. R. Co.* v. *Hylan*, 240 N. Y. 199.) A declaratory judgment is the proper remedy in this action. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; 272 N. Y. 668; *Pratter* v. *Lascoff*, 140 Misc. Rep. 211; 236 App. Div. 713; 261 N. Y. 509; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Wingate* v. *Flynn*, 139 Misc. Rep. 779; 233 App. Div. 785; 256 N. Y. 690; *Bradford* v. *County of Suffolk*, 257 App. Div. 777; *Bareham* v. *City of Rochester*, 221 App. Div. 36; *Sartorius* v. *Cohen*, 222 App. Div. 514; *New York Rapid Transit Corp.* v. *City of New York*, 275 N. Y. 258.)

*George D. Ruby* and *John Timothy Smith* for Laura McCarthy et al., appellants. An action for a declaratory judgment is a proper remedy where the constitutionality, applicability and meaning of tax statutes and ordinances are at issue. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Sartorius* v. *Cohen*, 222 App. Div. 514; 249 N. Y. 31; *Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; 272 N. Y. 668; *Pratter* v. *Lascoff*, 140 Misc. Rep. 211; 236 App. Div. 713; 261 N. Y. 509; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Wingate* v. *Flynn*, 139 Misc. Rep. 779; 233 App. Div. 785; 256 N. Y. 690; *Bradford* v. *County of Suffolk*, 257 App. Div. 777; 283 N. Y. 503; *Bareham* v. *City of Rochester*, 221 App. Div. 36; 246 N. Y. 140; *Board of Education* v. *Van Zandt*, 119 Misc. Rep. 124; 204 App. Div. 856; *Sloane Estates, Inc.*, v. *City of New York*, 175 Misc. Rep. 674.) There is no statutory procedure for or prohibition of the judicial review of a special assessment levied by the city of Syracuse. (*City of Johnstown* v. *Wells*, 242 App. Div. 103; 275 N. Y. 623; *City of Rochester* v. *Bloss*, 185 N. Y. 42; *City of Rochester*

v. *Fourteenth Ward Assn.*, 183 N. Y. 23; *Village of Little Falls* v. *Cobb*, 80 Hun, 20; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Loomis* v. *City of Little Falls*, 176 N. Y. 31.) Chapter 300 of the Laws of 1914 violates section 15 of article 3 of the State Constitution. (*Matter of Lands in Town of Flatbush*, 60 N. Y. 398; *Ferguson* v. *Ross*, 126 N. Y. 459; *Matter of City of Rochester* v. *Bloss*, 77 App. Div. 28.) Chapter 300 of the Laws of 1914 violates section 16 of article 3 of the State Constitution. (*Matter of Becker* v. *Eisner*, 277 N. Y. 143.) The city of Syracuse is estopped from levying and collecting the assessment by reason of its delay of eleven years and because plaintiffs changed their positions during the period of delay by the city in making and confirming the assessment. (*Curnen* v. *Mayor*, 79 N. Y. 511; *Title Guaranty & Trust Co.* v. *Allen*, 142 Misc. Rep. 764; *O'Leary* v. *Board of Education*, 93 N. Y. 1; *Matter of Deering*, 14 Daly, 89; 105 N. Y. 667; *People ex rel. Schick* v. *Marvin*, 249 App. Div. 293; 275 N. Y. 587; *People ex rel. Holtzmann* v. *City of Schenectady*, 136 App. Div. 127.)

*James C. Tormey, Corporation Counsel (John F. Hmiel* of counsel), for respondent. Chapter 75 of the Laws of 1906 and chapter 300 of the Laws of 1914 are valid and constitutional; the city had jurisdiction to levy the assessment. (*Leonhardt* v. *City of Yonkers*, 195 App. Div. 234; *Loomis* v. *City of Little Falls*, 176 N. Y. 31; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Oak Hill Country Club* v. *Town of Pittsford*, 264 N. Y. 133; *Moore* v. *City of Yonkers*, 235 Fed. Rep. 485; *People ex rel. Schick* v. *Marvin*, 271 N. Y. 219; *Matter of Mayer*, 50 N. Y. 504; *People ex rel. Commissioners* v. *Banks*, 67 N. Y. 568.) The failure of the plaintiffs to pursue the remedy conferred by the charter bars their right to maintain this action. (*Matter of Allen Square Co.* v. *Krieger*, 217 App. Div. 123; *Bartlett* v. *Lily Dale Assembly*, 249 N. Y. Supp. 482; *Dun & Bradstreet, Inc.* v. *City of New York*, 276 N. Y. 198; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Oak*

*Hill Country Club* v. *Town of Pittsford*, 264 N. Y. 133;
*Lewis* v. *City of Lockport*, 276 N. Y. 336; *Loomis* v. *City of
Little Falls*, 176 N. Y. 31; *Singer Sewing Mach. Co.* v.
*Benedict*, 229 U. S. 481; *Woodruff* v. *Fisher*, 17 Barb. 224;
*State Railroad Tax Cases*, 92 U. S. 575; *O'Donoghue* v. *Boies*,
159 N. Y. 87.)

FINCH, J. These are two actions against the city of
Syracuse, brought by owners of real property for a judg-
ment to declare void certain special assessments arising out
of local improvements, for an injunction restraining the
further collection of the tax, and directing the refund of
that part of the tax already paid under protest.

One plaintiff owns all the property fronting on one side
and the other plaintiff owns all the property fronting on
the other side of North Franklin street between West and
Willow streets. North Franklin street between the cross
streets referred to was widened in 1928. By resolution of
the Common Council adopted in 1929, seventy-five per cent
of the cost of the land acquired for the street widening
was to be paid by the city at large and the remaining twenty-
five per cent was to be assessed against the property deemed
benefited by the improvement. In 1930 the Board of
Assessors published notice of a hearing upon the proposed
assessment and, subsequent to the date of the hearing,
assessed the parcels on the east and the west sides of North
Franklin street approximately $11,000 each. Pursuant to
notice an opportunity for hearing before the Common
Council was had in 1933. In 1939 the Common Council
adopted an ordinance confirming the assessment. That is
the assessment of which plaintiffs complain.

After interposing its answers in both actions, the city
moved for judgment on the pleadings dismissing the com-
plaints on the ground that the statutes governing such
assessments in the city of Syracuse provide an adequate
and exclusive method for judicial review of assessments and,
therefore, these actions for declaratory judgments could not
be maintained. Special Term denied the motions, but the

Appellate Division reversed and directed the dismissal of the complaints.

An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198.) But where it is sought to set aside the assessment on other grounds, then the assessment may be reviewed only in the manner provided in the statute. (*Lewis* v. *City of Lockport*, 276 N. Y. 336; *Oak Hill Country Club* v. *Town of Pittsford*, 264 N. Y. 133, 139; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165.)

Plaintiffs do not challenge the adequacy of the judicial review prescribed by the statutes which the city contends govern the assessment in question. (L. 1914, ch. 300, § 5; L. 1906, ch. 75, §§ 28, 31–35.) On the other hand, plaintiffs challenge the applicability and constitutionality of these statutes for the following reasons: (1) Chapter 300 of the Laws of 1914, which authorizes the local improvement in question, prescribes no exclusive procedure of judicial review; (2) in so far as chapter 300 of the Laws of 1914 purports to make applicable the provisions of chapter 75 of the Laws of 1906, prescribing the exclusive method of judicial review, the statute violates section 16 of article III of the State Constitution forbidding legislation by incorporation by reference; and (3) chapter 300 of the Laws of 1914 embraces more than one subject and its contents are not expressed in its title, both in violation of section 15 of article III of the State Constitution. These objections will be considered seriatim.

It may be conceded that chapter 300 of the Laws of 1914 does not set forth at length a procedure for the judicial review of assessments. Such a procedure, however, is prescribed by chapter 75 of the Laws of 1906, wherein it is provided that " No action or proceeding to set aside, vacate,

cancel, annul, review, reduce or otherwise question, test or affect the legality or validity of any assessment for a local improvement shall be maintained * * * except in an action or proceeding brought for that purpose as herein provided." (L. 1906, ch. 75, § 34.) Thus chapter 75 of the Laws of 1906 establishes the procedure for the assessment and collection of general city and local improvement taxes and the language quoted leaves no doubt that the method of review prescribed therein is applicable to " any assessment for a local improvement." But whatever the effect of chapter 75, Laws of 1906, standing alone might have been, we find that chapter 300 of the Laws of 1914 governs the acquisition of lands for public improvement and section 5 thereof provides that the procedure established by chapter 75 of the Laws of 1906, relative to the right of property owners to be heard in opposition to assessments, shall be observed in regard to assessments under the later statute. In *People ex rel. Schick* v. *Marvin* (271 N. Y. 219, 222) this court said: " The Legislature has regulated the manner in which an assessment for local improvements * * * may be challenged and reviewed (Laws of 1906, ch. 75). That statute is applicable to assessment for the widening of a street (Laws of 1914, ch. 300)."

From the foregoing, it seems clear that section 5 of chapter 300 of the Laws of 1914 limits the property owner to the course of review allowed by the earlier, general statute. It follows, therefore, that unless chapter 300 of the Laws of 1914 is unconstitutional, the various objections to the assessments urged by plaintiffs may not be considered in the action at bar. We are thus brought to a consideration of the constitutional objections, the first of which is that section 16 of article III of the State Constitution forbids the enactment of legislation through the device of incorporation by reference. This constitutional provision is not recent. It has been long established that reference in a subsequent act to the procedure of an earlier, general statute does not contravene this provision of the Constitution. The legal principle has been settled that

a general course of procedure theretofore in force may be applied by reference to the new particular situation created by the subsequent legislation. (*People ex rel. Board of Commissioners* v. *Banks*, 67 N. Y. 568; *Curtin* v. *Barton*, 139 N. Y. 505; *Burke* v. *Kern*, 287 N. Y. 203.)

The next constitutional objection urged is that section 15 of article III provides that " No private or local bill * * * shall embrace more than one subject, and that shall be expressed in the title." Chapter 300 of the Laws of 1914 is entitled " An act in relation to the department of public works of the city of Syracuse, and repealing certain sections of chapter six hundred and eighty-four of the laws of nineteen hundred and five." Chapter 684 of the Laws of 1905, popularly referred to as the Syracuse Public Works Act, authorized the construction of various public improvements, such as sewers, pavement of streets, etc., and provided for the manner in which the city should defray the expense of such improvements. The objection urged to chapter 300 of the Laws of 1914 is that the statute embodies the subject of condemnation and also the subject of special assessments levied to pay for property purchased. The error in the argument of plaintiffs lies in the assumption that the question of paying for public improvements is a subject separate from the question of the construction of public improvements. Both as a matter of history and practical affairs, the problem of paying for public improvements is directly linked with that of the authority of a municipality to construct such improvements. It follows, therefore, that the statute in question deals not with two subjects within the meaning of the Constitution, but with a single one, to wit, public improvements by a municipality.

Having considered the objection of multifariousness in the content of the statute, we pass to a consideration of the title. The title of chapter 300 of the Laws of 1914 is clearly indicative of the content of the statute, for the Department of Public Works of a municipality is obviously a proper agency to be charged with the duty of public

improvements and, therefore, all matters naturally relating to that question may be said to be expressed by the title.

" In applying the constitutional provision, the courts have formulated various tests, chief among which has been a limitation of the subject-matter to one subject, which, however, may embrace the carrying out of that subject-matter in various objective ways, provided the objectives are naturally connected with the subject-matter and the title could be said to apprise the reader of what may reasonably be expected to be found in the statute." (*Burke* v. *Kern, supra*, p. 213.) It follows that chapter 300 of the Laws of 1914 does not contravene the constitutional provision relating to the number of subjects with which a local bill may deal or the title of such bill.

No other objections are urged to the constitutionality or applicability of the statutes governing the special assessments here sought to be reviewed by the plaintiffs. It follows, therefore, that there existed an exclusive avenue of review which was open to the plaintiffs but which they have not followed by the commencement of the action at bar. The problem of taxation to pay for local improvements is one requiring not only just decisions, but also speedy and certain decisions. The statute provides the exclusive method of judicial review to the end that the validity of assessments when once levied may be speedily determined. The court is without power to grant special dispensation from the restrictions of the statute and, therefore, the complaints at bar were properly dismissed.

It follows that the judgments appealed from should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments affirmed.