WILLIAM C. BOOTH, a Reporter and Official Stenographer of the Supreme Court of the State of New York, Suing on Behalf of Himself and All Others Similarly Situated, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, April 20, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Isaac C. Donner* and *Murray M. Weinstein* of counsel), for defendants.

*Timothy N. Pfeiffer, William J. O'Connell* and *Alan L. Gornick* for plaintiff.

LEVY, J. This is a motion by the defendants, the City of New York, its Comptroller and its Treasurer, under rules 112, 113 and 114 of the Rules of Civil Practice to dismiss an action brought by a certified shorthand reporter, an official stenographer of this court, on behalf of himself and others similarly situated.

The action seeks a declaratory judgment that plaintiff and those similarly situated are engaged solely in the performance of personal services for compensation and that they are not

subject to a sales tax upon the fees charged by them for services performed in the transcription of stenographic minutes furnished to the court and to the parties to litigation. Plaintiff contends that a ruling by the Comptroller to the contrary, embodied in the rules and regulation promulgated by him, is invalid.

The defendants maintain that the remedy of an action for a declaratory judgment is not available to the plaintiff in view of the provisions of section N41–10.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, as amd.), which provides that the determination of the Comptroller shall be exclusively reviewable by a proceeding under article 78 of the Civil Practice Act and that " no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received or by any action or proceeding other than a proceeding in the nature of a certiorari proceeding under article seventy-eight of the civil practice act; provided, however, that a taxpayer may proceed by declaratory judgment if he institutes suit within thirty days after a deficiency assessment is made and pays the amount of the deficiency assessment to the treasurer prior to the institution of such suit and posts a bond for costs as provided in section N41–7.0 of this title." Section N41–7.0 provides in part that " The determination of the comptroller shall be reviewable for error, illegality or unconstitutionality or any other reason whatsoever by a proceeding under article seventy-eight of the civil practice act  *  *  *."

Admittedly no deficiency assessment has been entered against plaintiff by the Comptroller and, a fortiori, plaintiff has not paid the amount of such deficiency assessment to the Treasurer prior to the institution of this action. Concededly plaintiff has also failed to post a bond for costs.

Plaintiff attempts to meet the defendants' contention that the remedy of declaratory judgment is not open to him at this time by arguing that the enabling acts of the State Legislature which authorized the City to levy the sales tax could not constitutionally empower the City to provide that no action for declaratory judgment could be brought except within thirty days after a deficiency assessment by the Comptroller, and then only on payment of the amount of the deficiency assessment to the Treasurer and the posting of a bond for costs. The difficulty with this claim is that decisions of the Court of Appeals appear to be controlling authority to the contrary.

Prior to 1938 the emergency tax laws enacted by the City contained no provisions limiting the remedies available. During this period the remedy of an action for a declaratory judgment was held in a number of instances to have been properly invoked in the special circumstances there presented, particularly where the taxing statute under which the Comptroller was acting or threatening to act was claimed to be unconstitutional or else not applicable to the person seeking the declaratory judgment. (*Socony-Vacuum Oil Co.* v. *City of New York*, 272 N. Y. 668, affg. 247 App. Div. 163; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Sterling Bag Co.* v. *City of New York*, 281 N. Y. 269; *Sloane Estates, Inc.* v. *City of New York*, 287 N. Y. 818, affg. 262 App. Div. 722 and 175 Misc. 674.) In order to put an end to this method of avoiding review of the Comptroller's determinations by certiorari the Municipal Assembly in June, 1938, adopted local laws expressly providing that a proceeding under article 78 of the Civil Practice Act, in the nature of certiorari, was to be the exclusive remedy available for the purpose of reviewing or questioning the determinations of the Comptroller, whether for error, illegality, unconstitutionality or any other reason whatsoever. In addition, express provision was made that no determination or proposed determination of tax or of an application for a refund was to be enjoinable or reviewable by an action for a declaratory judgment, an action for money had and received or any other action or proceeding other than a certiorari proceeding, except that the taxpayer might proceed by declaratory judgment after the entry of a deficiency assessment, provided that the action be commenced within thirty days, the amount of the deficiency paid to the Treasurer prior to suit, and a bond for costs posted. As a prerequisite of commencing a certiorari proceeding it was provided that the amount of the tax sought to be reviewed with penalties, if any, was to be deposited with the Treasurer and an undertaking for costs filed with the Comptroller (Administrative Code of the City of New York, § N41-7.0).

In *Matter of Western Electric Co.* v. *Taylor* (276 N. Y. 309) the City moved to vacate an order of certiorari which had been granted ex parte on the ground that the taxpayer had failed to deposit the amount of the tax or file the prescribed undertaking. In opposition to the motion the petitioner contended that the enabling act which permitted the City to levy the tax did not authorize the City to impose restrictions upon the judicial remedy of certiorari and, further, that if the enabling act received a contrary interpretation, the delegation to the City of

legislative power to regulate the jurisdiction of the supreme court would be unconstitutional. The Court of Appeals overruled both these contentions, saying (p. 312): "We agree with the courts below that the language of the enabling act impliedly authorized the city to impose the requirement of the deposit of the disputed tax and the posting of a bond as a condition of judicial review of the action of the local taxing authorities. We also are of opinion that the statute does not violate the provisions of the Constitution of the State invoked by the appellant."

Thereafter the case of *Olive Coat Co.* v. *City of New York* (283 N. Y. 733) was decided by the Court of Appeals. In that case the dismissal in the Municipal Court of an action for a refund of taxes paid under protest was affirmed. The Court of Appeals wrote no opinion but merely cited *Matter of Western Electric Co.* v. *Taylor* (*supra*) in support of its determination. Examination of the case on appeal reveals that two questions were argued by the plaintiff appellant: first, that the State Legislature could not constitutionally delegate to the City the power to abolish the common-law remedy of an action for money had and received, and second, that the tax was unconstitutional. The fact that the court cited *Matter of Western Electric Co.* v. *Taylor* (*supra*) as authority for its affirmance of the judgment of the Municipal Court indicates clearly that the determination against the plaintiff represents a holding that it was constitutional for the City to prohibit the maintenance of an action for money had and received for the recovery of tax payments and to limit the taxpayer to the remedy of certiorari.

Thereafter, in *London Terrace* v. *City of New York* (36 N. Y. S. 2d 847) in an action for money had and received to recover tax payments, the late Mr. Justice BERNSTEIN granted the City's motion for judgment on the pleadings and for summary judgment, on the authority of *Matter of Western Electric Co.* v. *Taylor* (*supra*) and *Olive Coat Co.* v. *City of New York* (*supra*) pointing out (p. 849): "If the grant of power to the City includes the power to compel a prepayment not required by state laws, it certainly includes the power to restrict the taxpayer to a particular method of judicial review, so long as the restriction does not, in substantial operation, deprive him of the right to relief. That was clearly the basis for the court's decision in the *Olive Coat Company* case, and it must be held controlling upon the question here."

However, prior to the decision in *London Terrace* v. *City of New York* (*supra*) Judge FINCH, writing for the Court of

Appeals in the case of *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234, 239) had said: " An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provides that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 118.) " No reference to this statement is to be found in the opinion in *London Terrace* v. *City of New York* (*supra*) and it does not appear whether or not the language of Judge FINCH was called to the attention of the court in that case. The authority cited in support of the above-quoted statement, viz., *Dun & Bradstreet, Inc.*, v. *City of New York* (*supra*) does not support it, for at the time of the *Dun & Bradstreet* decision the statute in question contained no provision making certiorari the exclusive remedy and prohibiting the invoking of other remedies. It is extremely doubtful that the court intended to hold that even if the taxing statute expressly prohibited the maintenance of an action for a declaratory judgment, such an action might nevertheless be instituted, for such a holding would be directly contrary to the rationale of the previous decisions of the court in *Olive Coat Co.* v. *City of New York* (*supra*) and *Matter of Western Electric Co.* v. *Taylor* (*supra*). In *Richfield Oil Corp.* v. *City of Syracuse* (*supra*) there was no express prohibition in the taxing statute against the bringing of an action for a declaratory judgment and the language of Judge FINCH above quoted may have been intended to apply only to a situation such as that before the court, viz., where although there was express provision that the method of judicial review prescribed in the taxing statute was to be exclusive, there was no express prohibition against the bringing of an action for a declaratory judgment to challenge the constitutionality or application of the statute. Furthermore, in the *Richfield Oil* case plaintiff did not attack the constitutionality of the application of the taxing statutes to itself, but rather the constitutionality of the statutes in their entirety on the ground that they had been improperly enacted.

In any event, the question here presented is not whether an action for a declaratory judgment may be maintained notwithstanding the existence of some other method of judicial review declared to be exclusive, but rather whether the limitations prescribed in the Administrative Code as conditions precedent to the prosecution of an action for a declaratory judgment may be

successfully disregarded. Section N41–10.0 of the Administrative Code does not absolutely forbid the maintenance of an action for a declaratory judgment. It merely provides that such an action may be maintained only after a deficiency assessment has been made by the Comptroller and then only if the action is brought within thirty days thereafter, payment of the amount of the deficiency made to the Treasurer, and a bond for costs posted. These limitations upon the availability of the remedy of declaratory judgment must be deemed valid and binding on the basis of the decisions in *Matter of Western Electric Co.* v. *Taylor* (*supra*) and *Olive Coat Co.* v. *City of New York* (*supra*) and the language of Judge FINCH in *Richfield Oil Corp.* v. *City of Syracuse* (*supra*) falls far short of indicating an intent on the part of the Court of Appeals to overrule its previous decisions.

In the light of the foregoing, this court is constrained to grant the motion to dismiss the complaint on the ground that the remedy of an action for a declaratory judgment is not available to the plaintiff at this time, there being no compliance with the conditions precedent to the maintenance of such an action prescribed in the Administrative Code.

Motion granted.