SALTSER & WEINSIER, INC., Plaintiff, *v.* JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, April 20, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Isaac C. Donner and Murray M. Weinstein* of counsel), for defendants.

*Samuel J. Sussman* for plaintiff.

LEVY, J. This is a motion by the Comptroller and his codefendant, a Special Deputy Comptroller, for an order dismissing the present action, which seeks to restrain the defendants from revoking determinations of tax deficiencies heretofore made. What plaintiff is really seeking is to prevent defendants from redetermining the deficiencies at greater amounts than those heretofore fixed in previous deficiency determinations.

Under the provisions of section N41–7.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, as amd.) as it now reads and as it read at the time the Comptroller gave notice of a redetermination of plaintiff's tax deficiency, a determination of a tax deficiency is irrevocable and final " unless the comptroller of his own motion shall re-determine the same." The provision permitting the Comptroller to redetermine a deficiency was made applicable to articles 17 to 20 inclusive of title E of chapter 41 of the Administrative Code by Local Law No. 26 of the year 1942. Prior thereto the Comptroller's right to redetermine a deficiency of his own motion in cases arising under articles 17 to 20 was limited to the *reduction* of the amount previously assessed. Plaintiff argues with force that the amendment permitting the Comptroller to increase as well as reduce the amounts found to be due under previous determinations made by him may not legally be applied retroactively to undo determinations which were final and irrevocable when made under the wording of the statutes then in effect.

The merits of this controversy may not, however, be inquired into in the present action, for it is not one of the remedies available to plaintiff in view of the express provisions of sections N41–10.0 and N41–7.0 of the Administrative Code (see *Booth* v. *City of New York,* 182 Misc. 152). The question of whether the redetermination by the Comptroller, expressly permitted by the statute in force at the time it was made, is illegal because the statute may not be retroactively applied without violating the constitutional rights of the plaintiff is one which must be raised in the manner prescribed in the sections of the Administrative Code above referred to. The alleged illegality of the redetermination by the Comptroller is no different, for the purpose of determining the remedies available to plaintiff, from claims of illegality based upon the inapplicability of a taxing statute to the taxpayer or upon the unconstitutionality of the taxing statute generally.

The motion to dismiss is granted. Settle order.