HEARST CORPORATION et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, June 3, 1953.

*Denis M. Hurley, Corporation Counsel* (*Morris L. Heath* of counsel), for defendants.

*James Carroll* for plaintiffs.

SCHREIBER, J. This is a motion by the defendants to dismiss the complaint in a declaratory judgment action on various grounds, including the contention that the court should exercise its discretion in favor of relegating the plaintiffs to the statutory remedy of administrative hearings before the comptroller, with the right to review the latter's determination.

The action seeks a declaration that certain notices of determination issued by the comptroller assessing the plaintiffs with sales taxes are unconstitutional and void or, in the alternative, declaring that a substantial portion of the taxes assessed are invalid.

Section N41–10.0 of the Administrative Code of City of New York provides that the remedy of the hearing before the comptroller and a review thereof by a proceeding under article 78 of the Civil Practice Act, shall be the exclusive remedy available to any person for review of his liability, and that no determination or proposed determination of taxes shall be reviewed by an action for declaratory judgment except that the taxpayer may proceed by such action if he institutes suit within thirty days after a deficiency assessment is made and pays the amount

of the deficiency assessment to the treasurer prior to the institution of the suit and posts a bond for costs.

The courts, notwithstanding this language, have permitted actions for declaratory judgments to be maintained where the question presented is whether the taxing statute involved is unconstitutional or where the claim is made that the taxing statute is inapplicable by its terms (*Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234, 239; *Holmes Elec. Protective Co.* v. *City of New York,* 304 N. Y. 202; *Saltser & Weinsier, Inc.,* v. *McGoldrick,* 295 N. Y. 499; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198). In each of those cases, however, and in each of the various other cases cited by the plaintiffs there were no factual disputes involved, and the only question in each case was whether on the admitted facts a taxing statute was either invalid or inapplicable by its terms.

In the court's opinion, the moving affidavit submitted by the defendants in support of that branch of the motion which is made pursuant to rule 212 of the Rules of Civil Practice shows that a trial of the present action would necessarily involve litigation of a great number of factual issues relating to numerous transactions of the various plaintiffs. No case has been called to the court's attention where a taxpayer has been permitted to disregard the exclusive statutory remedy provided for in the Administrative Code and maintain an action for a declaratory judgment, notwithstanding the existence of numerous complicated factual issues. In the court's opinion, a proper exercise of discretion requires that the plaintiffs be relegated to the exclusive statutory procedure prescribed by the Administrative Code, which is much better adapted than a court of law to the expeditious disposition of these issues.

The plaintiffs claim that because of the numerous applications by taxpayers for hearings by the comptroller and the comptroller's lack of an adequate staff, the hearings may not be secured without years of delay, during which interest and penalties are incurred by the taxpayers. In the court's opinion, this condition is common to taxpayers generally and is insufficient, in and of itself, to justify the court in disregarding the express language of the Legislature that the remedy of hearings before the comptroller and appeal therefrom by an article 78 proceeding shall be the exclusive remedy available to the taxpayer, except in certain specified instances. The proper remedy of the plaintiffs would appear to be an application for an order in the nature of the former order of mandamus to compel the comptroller to hear the plaintiffs' objections to

the notices of tax determination within a reasonable time. Until and unless plaintiffs have exhausted all remedies open to them for the purpose of procuring a full hearing by the comptroller, without undue delay, they are not in a position to complain that they are being deprived of their property without due process of law or that other constitutional rights belonging to them are being violated.

The motion is granted to the extent of dismissing the complaint on the ground that the plaintiffs should be left to the statutory remedy provided for in the Administrative Code.