Owen McGivern, J.
This is an article 78 proceeding brought to review a final determination of the respondent, the Comptroller of the City of New York, assessing petitioner with New York City sales and/or compensating use taxes, and business taxes in the total amount of $3,832.95 for the period July 1,1952 to June 30,1955.
Respondent cross-moves to dismiss the petition as a matter of law on the principal ground that the proceeding was not timely instituted; other grounds being that the amount of the tax sought to be reviewed with interest and penalties thereon has not been deposited by petitioner with the City Treasurer and an undertaking for costs has not been filed by petitioner with the City Comptroller, and that the petition does not state facts sufficient to entitle petitioner to any relief.
It appears that the determination sought to be reviewed was issued on December 11, 1957, and that this proceeding was not commenced until April 7,1958, or 117 days later. The petitioner contends that this proceeding was timely commenced in .that section 1286 of the Civil Practice Act provides that unless a shorter time limitation is expressly provided in law, a proceeding such as this may be brought within four months after the determination to be reviewed becomes final. The difficulty with petitioner’s contention is that the sales tax enabling act does contain a shorter time limitation which requires a proceeding of this character to be commenced “ within thirty days after the giving of the notice of such final determination, provided, however, that any such proceeding under article seventy-eight of the civil practice act shall not be instituted unless the amount of any tax sought to be reviewed, with such interest and penalties thereon as may be provided for by local law or regulation, shall be first deposited and an undertaking filed, in such amount and with such sureties as a justice of the supreme court shall approve to the effect that if such proceeding be dismissed or the tax confirmed the petitioner will pay all costs and charges which m'ay accrue in the prosecution of such proceeding (See L. 1955, ch. 215.)
*756 Furthermore, although, prior to the commencement of this proceeding petitioner filed with the City Collector a bond of a surety company to secure the payment of a warrant for these taxes filed by the City Collector in the Bronx County Clerk’s office, that bond does not comply with the above requirements since it does not cover the costs of this proceeding and has not been approved by a Justice of this court. In any event, the failure of petitioner to institute this proceeding within the 30-day period required by the enabling taxing statute requires the dismissal of the petition as a matter of law.
Cross motion granted. The petition is dismissed.
Settle order.