Abox Steuer, J.
Defendants are fiscal officers of the city. They move to dismiss the complaint on various grounds. The plaintiffs are agents in the live poultry business. As such they receive from their principals birds for sale, sell and deliver them to slaughterhouses. In so doing they put the birds in coops. The complaint alleges that these coops are bought by plaintiffs and are not returned to them by the purchasers. Defendants have asserted the right to assess sales taxes against defendants on the purchase price of the coops and have assessed such taxes. The complaint further alleges that plaintiffs have protested such assessments and are presently engaged in hearings before the Comptroller in an administrative proceeding initiated by plaintiffs to protest the validity of the assessments. Plaintiffs further allege that for many years the Comptroller has ruled that these coops are not subject to sales taxes and that .to impose a tax on them now and to collect it for past years would impose a hardship in that no tax was provided for in fixing prices for their sales. They seek a declaratory judgment to the effect that the sales taxes are not applicable to these transactions and an injunction from the collection of the tax and the continuation of hearings in regard to it.
Defendants move under subdivisions 1 and 3 of rule 106, subdivisions 1 and 3 of rule 107 and rule 212 of the Buies of Civil Practice. The last-numbered rule provides that when, in the discretion of the court the parties should be left to existing remedies, jurisdiction should be declined. Both the enabling act (L. 1939, ch. 659) and the local laws (Administrative Code of City of New York, § N41-7.0) provide for a review of all tax assessments by way of administrative hearings, to be followed, if the tax be sustained, by review by the courts in an article 78 (Civ. Prac. Act) proceeding. Defendants claim that this method of review is exclusive. This is apparently not the law (8ocony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, affd. 272 N. Y. 668) even though the expression “ exclusive method of review ” has been applied (Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234). Despite the review provided a declaratory judgment may be proper. Becognized grounds for exercising discretion in favor of entertaining the action are where the constitutionality of the taxing statute is questioned or where it is claimed that the imposition of the tax is inapplicable to the situation. Neither is the case here. Constitutionality is admitted and there is no claim that containers per se are not within its intendment. While the above are not the only grounds it is well to consider those advanced by the plaintiffs. The first is that relegating them to appeal from an adverse admin *712 istrative finding by way of article 78 would involve a hardship because it is a statutory condition of such an appeal that the petitioner post a bond in the amount of the tax assessed. This has never been held to be a ground. Possibly it could be successfully maintained if the amount of the tax was confiscatory or so substantial as to preclude the possibility of advantage from the right of review. Nothing like that is shown here. Every tax involves some hardship but within the degree indicated to avoid giving security for it is not a good ground.
Plaintiffs’ other ground is based on the claim of estoppel. Plaintiffs claim that in every case where estoppel is asserted the remedy of a declaratory judgment is appropriate is not justified. It is true that in Hoffman v. City of Syracuse (2 N Y 2d 484) the claim was asserted and the remedy was allowed. This is more coincidental than that the one is the corollary of the other. Here the claim of estoppel does not rest on undisputed fact. In that case a departmental interpretation of the statute had been issued for the guidance of businessmen subject to the tax. No fiscal officer ever made a direct ruling in connection with these coops, or at least none is alleged. The pleader seeks to have the conclusion drawn that because the books of plaintiffs have been periodically audited by the city authorities and no tax asserted that a ruling or binding interpretation was made. This conduct would not create an estoppel (Matter of Colgate-Palmolive-Peet Co. v. Joseph, 308 N. Y. 333).
One other ground for the exercise of discretion to entertain the action has not been urged. When the decision will affect a great many people besides those suing and has a public rather than a private interest the action should be entertained (Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, affd. 272 N. Y. 668, supra). Here however the wide question of containers is not involved, merely the narrow question of this particular container and its use in a business apparently conducted by a few firms.
Lastly it seems to be universally accepted that when there are questions of fact these should be resolved in the administrative proceedings (Hearst Corp. v. City of New York, 204 Misc. 584; Thompson-Starrett Co. v. City of New York, 5 Misc 2d 576) and wherever the taxpayer is allowed to proceed to a declaratory judgment the absence of factual issues is stressed (Hoffman v. City of Syracuse, 2 N Y 2d 484, 487, supra, and cases cited). Here there is dispute. Plaintiffs allege that they purchased the coops and they are used up, practically, in delivery. Defendants allege that plaintiffs rent the coops and *713 in some way they are returned to the lessor. Moreover, over 300 pages of testimony in the departmental proceeding have already been devoted to the procedure of the city auditors so it can hardly be claimed that there is unanimity of view upon the so-called issue of estoppel.
For these reasons it is believed plaintiffs should be relegated to the usual procedure in tax matters and discretion should not be exercised to entertain the action.
Motion granted.