## FIRST DEPARTMENT, FEBRUARY, 1963

## (February 5, 1963)

■ CHARLES R. PETERS, Respondent, v. STATE TAX COMMISSION, Appellant. — Order, entered on April 4, 1960, unanimously reversed on the law, without costs, and motion to dismiss complaint granted, without leave to replead, and without costs. The unincorporated business tax assessments, which are attacked, were the subject of a formal hearing held by the State Tax Commission with due appearance and participation therein by the plaintiff. Thereupon, there was a determination by the commission of facts duly establishing the liability of the plaintiff for the taxes which resulted in the assessments, and by such determination the commission expressly concluded that the assessments were correct and that the plaintiff was not entitled to any revision or refund in connection therewith. A remedy is expressly provided by statute for the review by certiorari of the determination of the commission, and there is the further provision that such remedy "shall be the exclusive remedy available to any taxpayer to judicially determine the liability of such taxpayer for taxes under this article". (See Tax Law, §§ 375, 386-j.) So, the taxpayer, having a remedy provided by law for a review of the assessments and declared by statute to be exclusive, was bound to follow it. In the absence of allegations in his complaint showing a special necessity therefor, he was not entitled to disregard this statutory remedy and invoke the declaratory judgment remedy to review or attack the assessments. It does not appear from the complaint here that any bona fide issue exists as to the constitutionality of the statutes providing for the tax and assessments or in their application to the plaintiff's activities. (Cf. *Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234; *Berkshire Fine Spinning Associates* v. *City of New York,* 5 N Y 2d 347.) Nor is there any showing that the commission acted without or in excess of its jurisdiction in making the assessments. (Cf. *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198, 206.) In fact, it appears that the commercial artist activities of the taxpayer, as found by the commission, establish without

question his liability for the taxes (see *Matter of White* v. *Murphy*, 11 A D 2d 854, affd. 9 N Y 2d 995) and the commission's finding, being within its jurisdiction, is not subject to collateral attack in this action. (*Dun & Bradstreet* v. *City of New York, supra.*) Finally, the conclusory allegations that the assessments or a portion of them are void because of the expiration of time limitations do not furnish a basis for an attack upon the assessments. There is no allegation that the plaintiff ever filed unincorporated business tax returns. It is settled that the statutory provisions limiting the time for making an assessment start to run only when the prescribed return is filed. (*Matter of Hewitt* v. *Bates*, 297 N. Y. 239.) Determining, as we should, at this time (at the "threshold" of this declaratory action [*Red Robin Stores* v. *Rose*, 274 App. Div. 462, 466]) that, upon the facts as alleged, there is presented no basis upon which the court may assume jurisdiction, the complaint should be dismissed. (Cf. *Fiero* v. *New York State Tax Comm.*, 28 Misc 2d 36.) Concur — Breitel, J. P., Valente, Stevens and Eager, JJ.