Edward S. Conway, J.
This is an article 78 proceeding brought to review and annul a final determination of the respondent, the State Tax Commission, which denied the petitioner a refund of a sales tax of the amount of $625.
Respondent cross-moves to dismiss the petition as a matter of law on the principal ground that the undertaking filed by the petitioner was not issued by a surety company recognized to transact business in New York State nor was it approved by a Justice of the Supreme Court pursuant to subdivision (b) of section 1139 of the Tax Law of the State of New York.
On March 30, 1968, the petitioner, a nonresident of the State of New York, was the successful bidder for a horse known ^.s “Holly War” in a claiming race at Aqueduct Race Track. Her' account with the New York Racing Commission was charged with the bid price of $12,500 plus the New York State and local sales tax of $625. During the race the horse sustained an injury and had to be destroyed. The track officials disposed of the carcass.
The petitioner filed an application for refund of the sales and use tax in the amount of $625. A hearing was held on September 23,1970, and the application for a refund was denied by the Tax Commission on March 1, 1971.
The petitioner ’contends that the determination of the respondent was erroneous, arbitrary and capricious; and that the requirement of subdivision (b) of section 1139 that an undertaking be filed as a condition of this proceeding is unconstitutional.
The respondent contends that since the petitioner did not comply with the statutory requirements for reviewing a determination by the Tax Commission, the petition should be dismissed.
Subdivision (b) of section 1139 of the Tax Law which deals with the procedure for obtaining a refund of a sales tax provides, insofar as pertinent, as follows: ‘ ‘ Such determination after a hearing may be reviewed by a proceeding pursuant to article seventy-eight of the civil practice law and rules, provided such proceeding is instituted within four months after *783 the giving of the notice of such determination, and provided that a final determination of tax due was not previously made. Such a proceeding shall not be instituted unless an undertaking is filed with the tax commission in such amount and with such sureties as a justice of the supreme court shall approve to the effect that if such proceeding be dismissed or the tax confirmed, the petitioner will pay all costs and charges which may accrue in the prosecution of such proceeding.”
The undertaking which the petitioner in this case has submitted has not been approved by a Justice of the Supreme Court and does not mention an amount sufficient to cover the costs of the prosecution of this proceeding. The undertaking therefore is not in compliance with subdivision (b) of section 1139 of the Tax Law. (Matter of H. M. C. Supply Corp. v. Gerosa, 13 Misc 2d 754, 756.) The statute does not violate the constitutional rights of the petitioner. (See Matter of Western Elec. Co. v. Taylor, 276 N. Y. 309.)
The court must agree with the contention of the respondent. The petition is dismissed and the cross motion of respondent is granted.
Respondent to submit order.