OPINION OF THE COURT
Joseph P. Kuszynski, J.
Defendant State Tax Commission moves to dismiss the action of plaintiff CC&F Buffalo Development Co., Inc. (CC&F) for declaratory judgment upon the ground its action should have been brought either as an article 78 proceeding, or a proceeding before the State Court of Claims, and alternatively that the venue should be transferred to Albany County pursuant to CPLR 506 (subd [b], par 2).
According to the complaint, CC&F as mortgagor, and Chase Manhattan Bank as mortgagee, entered into a building loan agreement which was then attempted to be filed in the Erie County Clerk’s office on June 27, 1969. The County Clerk refused to record the mortgage without payment of a mortgage tax in the amount of $200,000. Plaintiff CC&F paid the tax under protest and then filed in October, 1969 for a review by the State Tax Commission.
On March 17, 1968, more than eight years later the defendant State Tax Commission finally responded to plaintiff’s application and basing its conclusion upon section 548 of title 12 of the United States Code found the mortgage tax was improperly collected. It directed the Erie County Clerk to refund the $200,000 to CC&F but made no provision regarding any interest on this money.
*322 Plaintiff maintains that the mortgagee, Chase Manhattan Bank, was a national banking association formed under title 12 of the United States Code, when it gave the loan secured by the mortgage and the State could not, unless authorized by Congress "tax such an institution”.
CC&F is seeking a declaratory judgment, declaring "that defendants unconstitutionally collected the mortgage tax herein under a statute wholly void when applied to the plaintiff together with a declaration of plaintiffs entitlement, as a matter of law, to interest on such monies, and injunctive relief’.
The central question posed here is whether under the circumstances the plaintiffs action has properly been framed as one for declaratory judgment. "The construction or determination of the validity of a statute, since it usually raises only a question of law, is particularly suitable for adjudication by declaratory judgment and has been used repeatedly for that purpose. The application of a tax statute, the construction or constitutionality of various statutes * * * have all been determined by declaratory action.” (3 Weinstein-KornMiller, NY Civ Prac, par 3001.06g, and citations.)
A declaratory judgment action is also proper "where it is claimed that the imposition of the tax is inapplicable to the situation.” (Richfield Oil Corp. of N. Y. v City of Syracuse, 287 NY 234; Gordon v Gerosa, 16 Misc 2d 710, 711.)
CC&F’s means of redress does not have to be framed in an article 78 proceeding, as is maintained by the defendants, since sections 251 and 263 of the Tax Law which deal with appeals in mortgage tax matters do not mandate such a method of review as "the exclusive remedy available”. (Cf. Peters v State Tax Comm., 18 AD2d 886, regarding appeals on unincorporated business taxes; and Tax Law, §§ 375, 386-j.)
Furthermore, since the State Tax Commission did not undertake to make any decision on the issue of interest on the mortgage tax refund, there is no determination per se to review in an article 78 proceeding.
Defendants’ alternate contention that this proceeding be transferred to Albany County pursuant to CPLR 506 (subd [b], par 2) is also inappropriate. Section 506 is concerned with the venue of "special proceedings”, such as article 78 proceedings, but not with declaratory judgment actions.
The State Court of Claims does not have sole jurisdiction in *323 appeals from determinations of the State Tax Commission. The fact that section 251 of the Tax Law makes specific reference to possible review of the commission’s action in article 78 proceedings demonstrates the legislative intent not to limit or restrict such appeals to the Court of Claims, even though any refund would clearly involve a monetary judgment against the State. Moreover, the State Court of Claims is specifically restricted from considering declaratory judgment actions. (Saso v State of New York, 20 Misc 2d 826; General Mut. Ins. Co. v Coyle, 207 Misc 2d 362.)
This court concludes plaintiff CC&F is properly seeking a determination in a declaratory judgment proceeding, whether it is entitled to interest on an illegally collected mortgage tax.
Defendants’ motion is denied.