EUGENE VAN VOORHIS, Plaintiff, *v.* COUNTY OF MONROE, Defendant.*

Supreme Court, Monroe County, April 29, 1941.

* Revd., 262 App. Div. 950.

*John Van Voorhis' Sons*, for the plaintiff.

*Harry Rosenberg*, for the defendant.

GILBERT, J. This action has been once tried before the late Justice CLYDE W. KNAPP, and his decision filed. However, prior to the entry of the judgment based on the decision, Justice KNAPP died. Prior to the second trial of the action, defendant moved in this court and secured an order allowing it to amend its answer and to plead the short Statute of Limitations provided by section 239 of the Town Law, and it is with the answer thus amended that the second trial was had.

Briefly, the facts, which are not in dispute, are as follows: In 1928 the North Saint Paul Sewer District of the town of Irondequoit was created by proper proceedings. Partly included within the district were five and one-half acres of land owned by one Jobie A. Cole. Upon the completion of the work, proceedings were taken pursuant to article 15 of the Town Law for the assessment of the cost of the construction. In assessing this cost, the assessors of the town proceeded on a front-foot cost basis and assessed against Jobie A. Cole, front-footage as follows: " Outlet and disposal, 697.1 feet; local, 210 feet." The lands of Jobie A. Cole were not entirely included within the sewer district and although section 238 of the Town Law provides that in such cases the assessors, after fixing the valuation of the whole real estate as now required by law, shall determine what proportion of such valuation is on account of that part of such real property lying within the limits of the district, and shall designate the same upon the assessment roll, and that the valuation of the real property lying within the district as so fixed and determined by the assessors, shall be the valuation of said part of such real property for taxation for all district purposes. It is agreed that the assessors did not follow this procedure in respect to the lands of Jobie A. Cole, although it appears that they had fixed the amount of frontage of her property included within the district.

The proper proceedings were held by the authorities of the town of Irondequoit to confirm the assessment of the cost of the construction, and no complaint or objection was made by the said Jobie A. Cole. For the years 1933 and 1934, and presumably for the previous years subsequent to 1928, the tax roll of the town showed the assessment against Jobie A. Cole for her annual installments of the cost of the construction not separated as against that part of her land within the sewer district but as a lien against the whole five and one-half acres owned by her. The taxes for these two years were not paid and subsequently the property was sold for taxes and bid in by the county of Monroe, the defendant in this action, the sale for 1933 taxes having been held August 20, 1934, and the sale for 1934 taxes having been held August 20, 1935.

The plaintiff purchased from Jobie A. Cole on December 31, 1934, that part of the five and one-half acres lying outside the sewer district and now begins this action for a judgment declaring the lien of said assessments for the cost of the construction of said sewer to be a cloud upon the plaintiff's title to the premises which he purchased from Jobie A. Cole, and that the same be separated from the amount of the annual taxes for said years, and that plaintiff be permitted to pay the amount of the taxes for said years, relieved of the sewer assessments.

The present plaintiff can have no further or other rights in the premises than had his predecessor in title. Article 15 of the Town Law contains the provisions for the financing of town public improvements. Section 239 of article 15 provides the steps to be taken by the assessors or town board upon the completion of the improvement and before confirming the assessment for its cost. Provision is made for hearings at which all interested parties may appear and urge any objections which may be made. It is conceded that Jobie A. Cole made no objections. The last sentence of section 239 provides a short Statute of Limitations applying to any action or proceeding to test the validity of the assessment in any respect and it is conceded that neither this action nor any other action was commenced within the period of the limitation.

The plaintiff contends that he is not contesting the validity of the assessment; that the assessment was probably properly made on a front-footage basis and that the frontage was the true frontage of the Cole property within the sewer district. His complaint is that the tax was levied against the whole five and one-half acres and that no separation of value was made by the assessors as provided by section 238 of article 15. It would seem clear that such an objection is comprehended within the provisions of section

239 which said section provides for hearings of any objections which may be made to the roll. If this is so, the objection now made by plaintiff was available to his predecessor, the owner of the property at the time the assessment was made, and who apparently paid the taxes as assessed and levied during the period from 1928 to 1933. No objection was made nor action commenced by Jobie A. Cole to rectify the error of the assessors in not separating the valuation of her property, distinguishing between that within the district and that without, and which error is the basis of plaintiff's claim.

The limitation fixed by section 239 has expired as against such objection. In *Oak Hill Country Club* v. *Town of Pittsford* (264 N. Y. 133) a similar statute was held to apply and bar an action not taken within the period fixed.

I, therefore, hold that the plaintiff cannot maintain this action for the reason stated and that his complaint should be dismissed, with costs.

Findings may be submitted conforming to the decision and judgment entered accordingly.