MARION CASTER, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23858.) — Judgment affirmed, with costs. All concur. (The judgment dismisses claim against the State for damages for personal injuries arising out of the negligent condition of a highway.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

WALTER ELMER DIDGET, as Administrator, etc., of ELLA MAE DIDGET, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23921.) — Same decision and like cause of action as in companion case of *Caster* v. *State of New York* (*ante*, p. 950). All concur. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

FRED C. WHITNEY, as Treasurer, and THE BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NUMBER ONE OF THE TOWNS OF CHAUTAUQUA, etc., Appellants, v. BERT PARKER, Individually and as Collector and/or Treasurer, and EZRA WEISE, Individually and as Trustee of Common School District Number Twelve of the Town and County of Chautauqua, New York, Respondents.— Judgment affirmed, with costs. All concur. (The judgment adjudges the balance of moneys in the hands of the district officers tax money and dismisses plaintiffs' complaint in an action for money had and received.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

EUGENE VAN VOORHIS, Appellant, v. COUNTY OF MONROE, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This is an action to remove a cloud upon title to real property consisting of sewer tax liens for the years 1933 and 1934, the plaintiff's property being outside of the sewer district. The appeal is from a judgment dismissing plaintiff's complaint. The sewer district cannot impose a tax upon real property outside the territorial bounds of the sewer district and its attempt to do so is a nullity. (Tax Law, § 9; *Saranac Land and Timber Co.* v. *Roberts*, 125 App. Div. 333; affd., 195 N. Y. 303; Cooley on Taxation, [4th ed.] §§ 92, 447; 6 McQuillan Municipal Corps. [2d ed.] § 2550.) The remedy under section 239 of the Town Law is not exclusive and the assessment against the property being absolutely void may be attacked collaterally. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *New York Rapid Transit Corp.* v. *City of New York*, 275 id. 258; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87.) All concur. (The judgment dismisses plaintiff's complaint on the merits in an action to remove a cloud on title.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [176 Misc. 341.]