WILLIAM C. BOOTH, a Certified Shorthand Reporter and Official Stenographer of the Supreme Court of the State of New York, Suing on Behalf of Himself and All Others Similarly Situated, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

First Department, December 22, 1944.

*Timothy N. Pfeiffer* of counsel (*William J. O'Connell* and *Alan L. Gornick* with him on the brief; *Milbank, Tweed & Hope,* attorneys), for appellant.

*Isaac C. Donner* of counsel (*Arthur H. Goldberg, Edmund B. Hennefeld* and *Murray M. Weinstein* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

TOWNLEY, J. Plaintiff brings this action asking for a declaratory judgment on behalf of the official stenographers of the Supreme Court of the State of New York. It is claimed in the complaint that the City of New York by its Comptroller and Treasurer has announced an intention of taxing the work of official reporters. The scope of the ruling is chiefly as follows:

" Official reporters who are regularly compensated by the government or political subdivision which employs them for the

regular duties of attendance and recording are subject to Sales Tax upon the sale of transcripts. The tax is imposed in both of the following situations:

" (a) At the direction of the presiding judge, one copy is made; the cost is shared by the parties and the minutes are sold in the case.

" (b) Copies are made for all of the parties who pay for their respective copies according to the length of the transcript."

It is claimed in the complaint that the plaintiff and others similarly situated are members of the New York State Judicial System and are appointed pursuant to the provisions of the Judiciary Law, that one of the duties of these public officers is, on request, to transcribe original stenographic notes at length when the Presiding Judge so requests; and they are also required to and do, upon request, furnish a copy without charge to the Presiding Judge. Similarly, they are also required to and do furnish certified transcripts of the whole or any part of the minutes in any case reported by them to any party to the action requiring the same.

Plaintiff further claims that the furnishing of transcripts is a service and not a sale of goods in any sense of the word and is not subject to tax on any theory under the enabling act which had permitted the imposition of a local sales tax.

The allegations are that the provision in the law for a review by an order in the nature of certiorari after the imposition and payment of a tax is not appropriate in this case and would involve great hardship upon the Supreme Court reporters.

The relief asked for is a declaration that the plaintiff and other stenographers similarly situated are not engaged in the sale of any tangible personal property, that the fees received are not subject to the imposition of a sales tax and that the City be restrained and enjoined from imposing or collecting the taxes proposed and announced by the Comptroller.

We have no doubt that there is substantial merit to the claim of the plaintiff that the services of stenographers under the conditions stated in the complaint are not such as are taxable under the various enabling acts. The reasoning of the Court of Appeals in *Dun & Bradstreet, Inc.,* v. *City of New York* (276 N. Y. 198) is peculiarly applicable here. As Judge HUBBS, writing for the Court of Appeals in that case, said: " The information furnished is of value to the subscribers and for it they pay but not for the paper upon which the information is conveyed or for the reference books which are only guides to assist in the rendition of appellant's service. One does not think of

a telephone company as a seller of books to its subscribers. It renders a service. To make that service efficient, it furnishes its subscribers with books containing a list of its subscribers with their call numbers. ' The paper is a mere incident; the skilled service is that which is required.' (*Burgess Co.* v. *Ames,* 359 Ill. 427, 429; *Adair Printing Co.* v. *Ames,* 364 Ill. 342; *State* v. *Morgan,* 2 S. D. 32.) "

It is obvious to all lawyers and justices that what is purchased when minutes are furnished is not a book with so much typing on it, but the results of skillful reporting of the events of a trial at court. It is the personal service for which compensation is given and it is merely incidental that it takes the form of being typed on paper. On the merits, therefore, plaintiff is entitled to judgment on the pleadings.

The only difficulty presented is that offered by the claim of the City that this is not a case in which any remedy may be applied other than that which is provided for in section N41–10.0 of the Administrative Code of the City of New York. That section reads as follows: " *Remedies exclusive.* — The remedies provided by sections N41–7.0 and N41–8.0 of this title shall be exclusive remedies available to any person for the review of tax liability imposed by this title * * * and no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received or by any action or proceeding other than a proceeding in the nature of a certiorari proceeding under article seventy-eight of the civil practice act; provided, however, that a taxpayer may proceed by declaratory judgment if he institutes suit within thirty days after a deficiency assessment is made and pays the amount of the deficiency assessment to the treasurer prior to the institution of such suit and posts a bond for costs as provided in section N41–7.0 of this title."

This section has been held constitutional by the Court of Appeals in *Olive·Coat Co.* v. *City of New York* (283 N. Y. 733) on the authority of *Matter of Western Electric Co.* v. *Taylor* (276 N. Y. 309). Neither of these cases raises the question which is presented here, namely, whether under circumstances where the taxing authority is on the very face of the threatened action exceeding the powers given it by the enabling act, there may be recourse to the remedy of a declaratory judgment, in advance of payment of a tax, to avoid irreparable injury to citizens.

After the two cases above cited were decided, the Court of Appeals had occasion to consider the subject of exclusive remedies in *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234). While, in that case, the court did decide that a party aggrieved by the imposition of a street widening tax in the city of Syracuse could not review the imposition of the tax in any way other than by the so-called exclusive remedy provided by the statute, Judge FINCH, writing for the court, nevertheless stated the following rules of law on the precise point raised here: " An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198.) But where it is sought to set aside the assessment on other grounds, then the assessment may be reviewed only in the manner provided in the statute. (*Lewis* v. *City of Lockport*, 276 N. Y. 336; *Oak Hill Country Club* v. *Town of Pittsford*, 264 N. Y. 133, 139; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165.) "

That decision was made in 1942 and was made, as above noted, after the decisions in the *Western Electric Co.* and *Olive Coat Co.* cases. It cites with approval the *Dun & Bradstreet* case which clearly permitted suing for a declaratory judgment under circumstances very much like those presented by this complaint. There is no reason to think, therefore, that the Court of Appeals considers that under no condition, where there is a so-called exclusive remedy provided, a declaratory judgment may be maintained.

Since it is obvious from these pleadings that the City is attempting to impose an onerous burden on State employees, the effect of which is to increase court costs which are exclusively under the control of the courts and the Legislature, it seems clear to us that this case presents an exception to the usual rule that an exclusive statutory remedy must be followed.

There is also a further reason in this particular case for disregarding the " exclusive " aspect of section N41-10.0. The enabling act (L. 1934, ch. 873, as amd. by L. 1939, ch. 659, L. 1940, ch. 245, L. 1941, ch. 200 and L. 1942, ch. 244) provides concerning remedies: " Any final determination of the amount of any tax payable hereunder shall be reviewable for error, illegality or unconstitutionality or any other reason whatsoever by a pro-

ceeding under article seventy-eight of the civil practice act if application therefor is made to the supreme court within thirty days after the giving of the notice of such final determination, provided, however, that any such proceeding under article seventy-eight of the civil practice act shall not be instituted unless the amount of any tax sought to be reviewed with such interest and.penalties thereon as may be provided for by local law or regulation, shall be first deposited and an undertaking filed * * *."

This enabling act does not provide for an exclusive method of review. Its provision is applicable after " any final determination of the amount of any tax payable " has been made. The statute has been amended so many times that its form cannot be considered inadvertent. While unquestionably the Court of Appeals in the *Western Electric Co.* case stated that one would make certain reasonable implications, under this statute, as to the power of the City to demand the payment of a tax after it had been determined upon and assessed before there could be a review, the court never made any statement to the effect that such implied powers should be extended beyond the provisions of the act itself. In other words, the act is silent as to what remedies are available *before* there has been any final determination of the amount of any tax. In a proper case, therefore, we see no reason to assume that the privilege of asking for a declaratory judgment has been withdrawn. A reasonable interpretation of the enabling act leads to the conclusion that it is beyond the capacity of the Municipal Assembly to limit the remedies to a greater degree than the enabling act permits.

We hold, therefore, that on principle and on the law as it stands the action is properly brought. We also hold that on the motion for judgment on the pleadings judgment should be granted to the plaintiff.

The order and the judgment should be reversed, with costs, defendants' motion for judgment on the pleadings and for summary judgment denied and plaintiff's cross motion for judgment on the pleadings granted.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order and judgment unanimously reversed, with costs, defendants' motion for judgment on the pleadings and for summary judgment denied and plaintiff's cross motion for judgment on the pleadings granted. Settle order on notice.