ALL AMERICAN BUS LINES, INC., Appellant, *v.* CITY OF NEW YORK et al., Respondents.

First Department, December 22, 1944.

*Joseph Henry Cohen* of counsel (*Marshall K. Lynch* with him on the brief; *Joseph Henry Cohen,* attorney), for appellant.

*Isaac C. Donner* of counsel (*Arthur H. Goldberg, Edmund B. Hennefeld* and *Murray M. Weinstein,* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

CALLAHAN, J. This case differs from *Booth* v. *City of New York* (268 App. Div. 502), decided simultaneously herewith, in two respects.

*First,* the local tax sought to be imposed herein is one arising under a different taxing statute, i.e., the local utility tax. (Local Laws, 1939, No. 104 of City of New York.) The City contends that plaintiff is a utility company, or vendor of utility service, subject to local tax, though conceding it is not subject

to the supervision of the State Department of Public Service. Plaintiff, on the other hand, contends that by its terms the local law is not applicable to it; that it is engaged exclusively in interstate operation of buses, and that the portion of its receipts sought to be taxed were receipts collected in its local terminal from other carriers engaged solely in interstate commerce, and that no part of plaintiff's income is taxable by local authorities.

*Secondly,* this case differs from the *Booth* case in that here there was a determination of tax made by the City. A deficiency tax was imposed (though plaintiff made no tax return), and notice of said deficiency mailed to plaintiff on June 30, 1943.

There is an exclusive remedy provision applicable to the local utility tax (Administrative Code of City of New York, § Q41-9.0) which is substantially the same as that found in the *Booth* case. It provides, in substance, that no determination or proposed determination of tax shall be enjoined or reviewed other than by a proceeding under article 78 of the Civil Practice Act, provided, however, that a taxpayer may proceed by declaratory judgment if he institutes suit within thirty days after a deficiency assessment is made.

Plaintiff's home office is in Chicago, Ill., and the notice of tax deficiency was forwarded there, with a resulting delay beyond the thirty-day period. The present action for declaratory judgment was not commenced until December 17, 1943. Whether the thirty-day period of limitation is unreasonable, if attempted to be applied to plaintiff, need not be decided at this time.

Plaintiff claims the right to have the taxing statute declared inapplicable to it in this action, despite its failure to act within the statutory period, because of the entire lack of jurisdiction of the local taxing authorities over it. The complaint alleges facts which, if established, would show that none of plaintiff's receipts are taxable locally, and all are proceeds of interstate commerce.

We are of the view that, if plaintiff can establish this lack of jurisdiction of the local taxing authorities over it, this action may be maintained, despite the purported determination of a deficiency tax. (*Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234.)

*Olive Coat Co.* v. *City of New York* (283 N. Y. 733) appears distinguishable. There the taxpayer was subject to tax, at least as to part of its income. The claim asserted in that action that the tax imposed a burden on interstate commerce, related only to part of the taxpayer's receipts, and the case did not present solely a claim of lack of jurisdiction. (See *Ullmann Brokerage Corp.* v. *City of New York,* 261 App. Div. 1070.)

The other points raised are sufficiently covered in our opinion in the *Booth* case (268 App. Div. 502, *supra*).

The judgment and order should be reversed, with costs, and the motion to dismiss the complaint denied.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied.   [See 269 App. Div. 664.]