Saltser & Weinsier, Inc., Appellant, *v.* Joseph D. McGoldrick, as Comptroller of the City of New York, et al., Respondents. (Consolidated Appeals.)

First Department, June 1, 1945.

*Samuel J. Sussman* for appellant.

*Murray M. Weinstein* of counsel (*Edmund B. Hennefeld* and *Isaac C. Donner* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

CALLAHAN, J. Plaintiff, having paid the full amount of sales taxes for the years 1935, 1936 and 1937 as previously determined by the Comptroller of the City of New York, was later notified that the Comptroller had revoked his prior determinations and fixed new and increased amounts for the years involved.

The suit is to enjoin the Comptroller from proceeding to redetermine sales taxes for the years mentioned, and for a declaratory judgment declaring invalid any revocation of plaintiff's taxes as previously fixed.

There appears to be no dispute concerning the facts alleged by plaintiff, only questions of law being presented.

We deem (contrary to the views expressed by Special Term in disposing of the case) that remedy by action was available to plaintiff because the present complaint attacks the jurisdiction of the Comptroller to redetermine taxes. (See *Booth* v. *City of New York*, 268 App. Div. 502; *All American Bus Lines* v. *City of New York*, 268 App. Div. 508.) We find, however, that the judgment and the order appealed from, dismissing the complaint, were correct on the merits.

The local sales tax laws in force for each of the years under review provided, in substance, that a determination of tax

by the Comptroller shall finally and irrevocably fix the tax, unless the taxpayer shall apply for a hearing, or shall cause the determination to be reviewed by certiorari, or unless the Comptroller by his own motion shall reduce the tax. Each of these taxing statutes, however, contained the following general provisions as to the Comptroller's powers:

" In addition to the powers granted to the comptroller in this local law, he is hereby authorized and empowered: * * *

" (c) To assess, revise, readjust and impose the taxes authorized to be imposed under this local law * * *."

In addition to the foregoing general provisions, there was in effect, at the time that the Comptroller gave notice of the redetermination, a statute (Administrative Code of City of New York, § N41-7.0 as amd. by Local Law No. 18 of 1943) which provided, in substance, that, if the returns required by articles 17 to 20, inclusive, of title E of chapter 41 of the Administrative Code (the sales tax laws from 1934 to 1938, which included the years involved herein) had not been filed, or if such returns had been filed but were incorrect or insufficient, the Comptroller should determine the taxes thereunder from such information as might be obtainable, such determination to be final unless reviewed by the taxpayer or " *unless the comptroller of his own motion shall re-determine the same.*"

Irrespective, therefore, of whether the general powers conferred on the Comptroller by the Local Laws of 1935, 1936 and 1937 may be construed to authorize the revision of a tax once computed, section N41-7.0, as amended, would appear to expressly grant such power of redetermination.

Appellant argues that such a statute as section N41-7.0 is not to be given retroactive effect, and the Comptroller is, therefore, without power to make a new determination under it. It further argues that, assuming arguendo it was intended that the statute have retroactive effect, it would be unconstitutional.

This statute expressly provides for redetermination of returns filed relating to the earlier years involved herein. There can be no doubt about its application to the present taxes.

A statute which permits redetermination of a tax liability theretofore imposed, creates no new liability. It merely aids in the enforcement of a liability previously existing and not adequately discharged. Nor does a statute which permits recomputation of taxes imposed by earlier laws and which affords an opportunity to the taxpayer to be heard and obtain a judicial review concerning the recomputation, offer ground for complaint for lack of due process of law. (*Illinois Cent. R. Co.*

v. *Minnesota*, 309 U. S. 157; *Florida Central &c R'd Co.* v. *Reynolds*, 183 U. S. 471; *Western New York & Penn. R. Co.* v. *City of Buffalo*, 176 Misc. 350, affd. 264 App. Div. 832, affd. 290 N. Y. 702.) *People ex rel. Beck* v. *Graves* (280 N. Y. 405) holds nothing to the contrary. The discussion found in the opinion rendered in that case, concerning the limit of permissible retroactivity of taxing statutes, related to a law that attempted to fix retroactively a tax on income theretofore tax free.

Section N41-7.0 is in the nature of a statute conferring a power required in order that government may not be defeated by omissions and inaccuracies in the exercise of functions necessary to its administration. (*Charlotte Harbor Ry.* v. *Welles*, 260 U. S. 8; *Graham & Foster* v. *Goodcell*, 282 U. S. 409.)

The order and the judgment dismissing the complaint, and the order denying plaintiff's motion for a temporary injunction should be affirmed, with costs.

Martin, P. J., Glennon, Untermyer and Cohn, JJ., concur.

Judgment and the orders unanimously affirmed, with costs. [See *post*, p. 929.]