Callahan, J.
This is a submission of controversy upon an agreed statement of facts, pursuant to sections 546-548 of the Civil Practice Act.
*439 The plaintiff is a nonprofit, educational corporation organized by special act of the Legisature (L. 1859, ch. 279). The statute contains a provision that the plaintiff’s property shall not be subject to taxation while appropriated to the uses, intents and purposes specified in the creative enactment. There is no dispute with regard to the fact that the plaintiff’s property is favored by a general exemption from direct property taxation. (See People ex rel. Cooper Union v. Sexton, 273 N. Y. 462; People ex rel. Cooper Union v. Wells, 180 N. Y. 537.)
The first of two questions presented on this submission is whether the plaintiff is exempt from the so-called ‘ Assessment Rate for Special Improvements ” or “ Partial Tax Rate ” and entitled to cancellation of record of certain items in the annual tax levies of the City of New York for the years 1937 to 1945-46, and constituting liens on the plaintiff’s property. The amount involved in each year is a city-wide or borough-wide levy to meet the cost of public improvements, which the municipal taxing authorities have allocated either to the City of New York or to the Borough of Manhattan.
The second question of a procedural nature is whether the provisions' of the New York City Charter and the Administrative Code of the City of New York relating to vacation of assessments establish an exclusive remedy, which .the plaintiff has lost through failure to invoke such remedy at the proper time.
The tax bills for each of the years with which we are concerned in this case show that the annual taxes imposed in the city of New York were the aggregate of three levies. The first levy for city and county purposes and the second for debt service combined to make up the basic tax rate. The third levy was the “ Assessment Rate for Special Improvements ”, which is also termed the “ Partial Tax Rate ”. The basic and partial rates together constituted the full tax rate adopted for the City of New York. The present controversy only relates to items of assessment for special improvements included in the partial tax rate for each of the years in question.
As defined by the New York City Charter [1938] (§ 291), an assessable improvement is a public betterment of certain classes. It is originated in a local board either by the Borough President or upon the petition of property owners presented to the Borough President, or by the Board of Estimate on its own initiative (New York City Charter [1938], § 295). The latter body determines how the cost of such improvement shall be *440 apportioned as between the property in the immediate area and one or more boroughs and/or the city (New York City Charter [1938], § 300). All of the levies involved in this controversy were apportioned by the Board of Estimate on a city-wide or borough-wide basis. They did not fall within the category of local assessments levied for special benefit.
It is our opinion that in Matter of Knickerbocker Village v. Reid (N. Y. L. J., July 5, 1938, p. 33, col. 1, affd. 256 App. Div. 973, affd. 281 N. Y. 861) an assessment of the present kind was authoritatively determined to be a tax and not an assessment for benefit. In that case the Court of Appeals found that the assessment under review was a tax and not merely a levy for local improvement. The defendant, however, contends that the exempting statute in the Knickerbocker Village case is distinguishable from the statute granting exemption, to this plaintiff. It seems to us that whatever distinction may be drawn only points to a broader exemption in favor of the plaintiff in this case.
On the second or procedural aspect of the matter we think that the submission is proper and authorized as an action in the nature of a proceeding for equitable relief to remove a cloud on title. The sections of the Administrative Code of the City of New York (§§ 311-1.0, 311-2.0, 311-7.0) and the New York City Charter (§§ 311, 312; see Greater New York Charter, §§ 958, 962, 963) establishing-an exclusive-statutory remedy for review of assessments should be read together. From these provisions the general purpose is clear that the statutory procedure for review is confined to cases of fraud or substantial error in the assessments. In this case the plaintiff makes no claim of fraud or substantial error. Bather, the challenge goes to the power of the municipality to impose the disputed levies on the-plaintiff’s property. An action to remove a cloud on title is maintainable in such circumstances (Matter of City of N. Y. [Woodhaven Blvd.-Queens], 260 App. Div. 659).
The plaintiff on this submission seeks equitable relief by way of action from the onus of an illegal levy, which illegality is not manifest upon the record and can be established only by extrinsic evidence. The levy is thus subject to collateral attack (Elmhurst Fire Co. v. City of New York, 213 N. Y. 87; Van Voorhis v. County of Monroe, 262 App. Div. 950, affd. 288 N. Y. 138). In view of our conclusion that the items involved in this case are taxes and not assessments for local benefit, we think that, the action of the defendant in imposing levies on the plaintiff’s property was contrary to law and *441 without jurisdiction. Being void ctb initio, the passage of time did not make the assessments valid or prevent the party aggrieved from asserting their invalidity in resisting enforcement (Stampers Arrival of Buyers, Inc., v. City of New York, 296 N. Y. 574; Dun & Bradstreet, Inc., v. City of New York, 276 N. Y. 198; Booth v. City of New York, 268 App. Div. 502, affd. 296 N. Y. 573).
In this connection the defendant places reliance on Lewis v. City of Lockport (276 N. Y. 336) as authority for denial of relief to the plaintiff by way of action in this matter. There it appears that the court was concerned with an assessment for benefit, with respect to which an adequate statutory procedure was provided for reviewing any question of illegality or irregularity. However, the statutory remedy available to the plaintiff in this case is not so broad. It affords a review of assessment only on grounds of fraud or substantial error in the assessment. This is patently inadequate in the present situation where the plaintiff claims illegality on the part of the defendant in imposing a tax on its property without jurisdictional basis.
Judgment is awarded to the plaintiff as demanded in the submission, without costs.
Glenuon, Cohe and Vah Voobhis, JJ., concur.
Judgment unanimously directed for plaintiff, without costs. Settle order on notice. [See post, p. 1004.]