Appeal by plaintiff from an order granting defendants’ motion to dismiss the complaint on the ground that the court has not jurisdiction of the subject of the action and that the cause of-action did not accrue within the time limited by law for the commencement of an action thereon, without prejudice to plaintiff’s right to pursue the remedies provided by title Q of chapter 41 of the Administrative Code of the City of New York, and from the judgment entered thereon. Order and judgment modified on the law by providing that the motion to dismiss the complaint is granted only insofar as it relates to the period January 1, 1940, to December 31, 1942, and denied insofar as it relates to the period from January 1, 1943, to June 30, 1945; and, as so modified, the order and judgment are unanimously affirmed, with $10 costs and disbursements to appellant! Plaintiff is an operator of omnibuses, some under charter and some under contract with the Board of Education of the City of New York for the transportation of school children. On February 28, 1944, the Comptroller of the City of New York notified plaintiff of a determination of utility tax deficiency pursuant to title Q of chapter 41 of the Administrative Code of the City of New York for the period from January 1, 1940, to December 31, 1942, based on 1% of plaintiff’s school bus revenue and 3% of its charter bus revenue. Within the time limited therefor, plaintiff served notice of request for a hearing pursuant to section Q41-6.0. That hearing has not *1059 yet been held. Thereafter it paid that part of the assessment imposing a utility tax of 3% on its charter bus revenue. On January 5, 1945, plaintiff commenced this action seeking a declaratory judgment to the effect that its school bus revenue is not subject to the utility tax sought to be imposed,"without complying with any of the conditions contained in section Q41-9.0 of the Administrative Code for the maintenance of such an action. Where the jurisdiction of the taxing authorities is challenged on the ground that the statute, by its terms, does not apply to any part of a taxpayer’s business, a declaratory judgment action may be maintained without complying with any of the conditions contained in the statute. (Booth v. City of New York, 268 App. Div. 502, affd. 296 N. Y. 573; All American Bus Lines V. City of New York, 268 App. Div. 508, affd. 296 N. Y. 571; Stampers Arrival of Buyers, Inc., v. City of New York, 269 App. Div. 741, affd. 296 N. Y. 574.) But where the taxpayer is subject to tax at least as to part of its income, compliance with the requirements imposed by the local law as a condition of judicial review of the action of the local taxing authorities is mandatory. (Olive Coat Co. v. City of New York, 283 N. Y. 733; Matter of Western Electric Co. v. Taylor, 276 N. Y. 309; All American Bus Lines v. City of New York, supra.) Therefore, that part of the complaint dealing with the period from January 1, 1940, to December 31, 1942, must be dismissed. However, as to the period from January 1, 1943, to June 30, 1945, there was no deficiency assessment hy the Comptroller before the institution of the action. In such event, the action for declaratory judgment may be maintained without complying with the conditions in the local law. (Booth V. City of New York, supra.) The fact that the determination of the comptroller as to the period from January 1, 1940, to December 31, 1942, has not become final because of the request of plaintiff for a hearing thereon does not bring that portion of the cause of action within the operation of the rule applicable to the portion of the cause of action dealing with the subsequent period. Present— Hagarty, Acting P. J., Johnston, Adel and Sneed, JJ.; Nolan, J., not voting. [190 Misc. 161.] [See 273 App. Div. 773.]