Gavagan, J.
Plaintiff seeks a declaratory judgment that the General Business and Financial Tax Law (Administrative Code of City of New York, § RR41-1.0 et seq.; § B46-1.0 et'seq.) has no application to the plaintiff; that insofar as it is claimed said laws apply to the plaintiff with respect to its receipts heretofore taxed and sought to be taxed by the defendants, said laws are repugnant to the Constitution of New York and to the Constitution of the United States and are null and void; that said laws insofar as it is sought to enforce them against the plaintiff have no application and that any actions taken by the defendants and any further actions which they may threaten or contemplate to take in pursuance of such enforcement are *1013 without authority in law and contrary to the enabling act and to the Constitutions of the State of New York and of the United States; that plaintiff recover of the defendants the sum of $1,515.31 paid under protest for the year 1950 and the sum of $1,899.91 paid in like manner for the year 1951.
I find from the evidence that the plaintiff is a Delaware corporation with its principal office in Wilmington, Delaware, and was and is now engaged in the business of manufacturing and selling steel processed in two steel plants located at Weirton, West Virginia, and Steubenville, Ohio; that its principal products are strip, sheet and tin plate. Plaintiff has never had any plants, warehouses or other places of business in the State of New York, and maintains no inventory of products or stock in trade anywhere in the city or State of New York. It does maintain an office in the city of New York from which salesmen or solicitors go forth into the eastern part of New York State and parts of the States of New Jersey and Connecticut. All orders solicited or procured must be and are forwarded to plaintiff’s home office for acceptance or rejection. Accepted orders are then accomplished according to the customers ’ orders and shipped by rail from either Weirton, West Virginia, or Steubenville, Ohio, for delivery f.o.b. the factory to the place specified by the buyer. The defendant officials insisted and still insist that plaintiff’s business is subject to the tax laws or regulations herein, and have collected for several years taxes based upon a formula set forth in section B46-2.0 of the regulations. The regulations were enacted by the local legislative body pursuant to chapter 199 of the Laws of 1941 as amended by the Laws of 1944,1945,1946 and 1948 passed by the Legislature of the State of New York (General City Law, art. 2-B, as amd. by L. 1944, ch. 130, L. 1945, ch. 696, L. 1946, ch. 338, L. 1948, ch. 489). The plaintiff corporation has never filed a certificate of doing business in this State with the Secretary of State and no permission to do business herein has ever been issued.
At the outset of the trial the defendants moved to dismiss the complaint upon the ground that the plaintiff failed to comply with the procedure for refund set up by section RR41-6.0 of the Administrative Code. Decision thereon was reserved and at the conclusion of the case the motion was renewed and decision again reserved. I shall address myself to that motion. An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute providing that the methods of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional, or where the *1014 tax laws are inapplicable to the taxpayer (Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234-239; Dun & Bradstreet v. City of New York, 276 N. Y. 198; Booth v. City of New York, 268 App. Div. 502, affd. 296 N. Y. 573; All American Bus Lines v. City of New York, 268 App. Div. 508, affd. 296 N. Y. 571; Stampers Arrival of Buyers v. City of New York, 296 N. Y. 574, affg. 269 App. Div. 741). Plaintiff challenges the constitutional power of the defendants to assess, collect or enforce the payment of the tax in question. Therefore the motion to dismiss for failure to comply with the procedural part of the Administrative Code is denied.
The business of the plaintiff is the manufacturing and selling of steel and the shipment of the same f.o.b. plaintiff’s plants by rail to buyers throughout the United States. No part of plaintiff’s business may fairly be termed intrastate. It is wholly interstate in nature and extent and it seems to me exclusively interstate in character. The tax attempted to be levied against the plaintiff attaches solely to the franchise of the plaintiff to do interstate business. No portion or part of the manufacturing of steel is done either in the city or State of New York. If a local city buyer is obtained, his order is forwarded to the main office in Delaware for acceptance and, if accepted, the order is transmitted to one of two manufacturing plants in States other than New York and, when processed, shipped f.o.b. therefrom to the buyer. Upon delivery to the carrier in the foreign State, the steel becomes interstate commerce and retains such character until delivery to the buyer. So far as plaintiff’s business in the transaction may be classified, it is and must be denominated interstate commerce. The tax in question is not a fee for an inspection or a tax on sales or use. It is, on the contrary, a tax placed on a franchise to do interstate business.
No State may levy a franchise or excise tax upon a company doing solely an interstate business in, through or across the State. ‘ ‘ The maintenance of an office, the purchase of supplies, employment of labor, maintenance and operation of telephone and telegraph lines and automobiles, and appellant’s other acts within the State, were all exclusively in furtherance of its interstate business; and the property itself, however extensive or of whatever character, was likewise devoted to that end. They were the means and instrumentalities by which that business was done and in no proper sense constituted, or contributed to, the doing of a local business. The protection against imposition of burdens upon interstate commerce is practical and substantial and extends to whatever is necessary to the complete *1015 enjoyment of the right protected. ’ ’ (Ozark Pipe Line v. Monier, 266 U. S. 555, 565.)
In McLeod v. Dilworth Co. (322 U. S. 327) the court in a case substantially on all fours with the facts and situations in the instant case held that Arkansas might not levy a tax upon a Tennessee corporation not qualified to do business in Arkansas, with no sales office therein, where salesmen solicited orders to be accepted and filled in Tennessee and where title to the goods passed in Tennessee.
In Puget Sound Co. v. Tax Comm. (302 U. S. 90) the court held that the business of appellant, insofar as it consists of the loading and discharge of cargoes by longshoremen subject to its own direction and control, is interstate or foreign commerce ; that the transportation of a cargo by water is impossible or futile unless the thing to be transported is put aboard the ship and taken off at destination.
Any local tax aimed at or which may discriminate against interstate commerce or impose a levy for the privilege of doing it, is unconstitutional. Such a tax was struck down in Joseph v. Carter & Weekes (330 U. S. 422).
It is apparent from the evidence that the only activity of the plaintiff in the city of New York in relation to the sale of its products, is solicitation by its salesmen of orders which must be approved and processed in another State. Its activity, therefore, in approaching the New York market is through solicitors only; such activity entitles it to the immunity of interstate commerce ; and any attempt by the city or State to tax such activity is unlawful (McLeod v. Dilworth Co., 322 U. S. 327, supra).
The tax imposed upon the plaintiff constitutes an attempt by the city to tax the privilege of soliciting interstate business and is on no better footing than a tax upon the privilege of doing interstate business. Such a tax constitutes a violation of the commerce clause of the United States Constitution and is therefore invalid as to this plaintiff (Memphis Steam Laundry v. Stone, 342 U. S. 389; Spector Motor Service v. O’Connor, 340 U. S. 602).
In Memphis Steam Laundry v. Stone (supra) the court at pages 392-393 summarized the prior decisions of the court regarding the power of States or localities to tax the activities of corporations engaged only in solicitation, as follows: “In the long line of drummer ’ cases, beginning with Robbins v. Shelby County Taxing District, 120 U. S. 489 (1887), this Court has held that a tax imposed upon the solicitation of interstate business is a tax upon interstate commerce itself. Whether or not solicitation of interstate business may be regarded as a *1016 local incident of interstate commerce, the Court has not permitted state taxation to carve out this incident from the integral economic process of interstate commerce. As the Court noted last term in a case involving door-to-door solicitation of interstate business, ‘ Interstate commerce itself knocks on the local door.’ ”
I am therefore constrained to hold that insofar as the plaintiff’s business and activities in the city of New York are concerned, they are so related to interstate commerce as to be an integral part thereof; that the attempt of the defendants to tax such activity or activities is unconstitutional and void; and that, accordingly, the plaintiff is entitled by way of declaratory judgment to the relief prayed for in this respect.
This holding renders it unnecessary to decide the legality of the tax formula adopted by the defendants and applied to plaintiff’s activities, and no decision or determination thereon is made by me. The invalidity of the whole affects every part thereof.
The plaintiff is therefore entitled to a declaratory decree as outlined herein and to judgment in its favor against the defendants for the sums of $1,515.31 paid as taxes for the year 1950 and $1,899.91 likewise paid by it for the year 1951, with interest thereon from the respective dates of payment, together with costs. It is too well settled to require citation of authorities, that one who pays a tax, legal upon its face, may recover the same upon the theory of mistake of law, in the event of the invalidity of the statute under which payment was demanded or made.
Settle judgment accordingly. This opinion is intended to constitute compliance with section 440 of the Civil Practice Act.