Arthur G. Klein, J.
This is a motion by the defendant the City of New York pursuant to the provisions of various rules of the Rules of Civil Practice. The defendant moves pursuant *475 to rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that this court has no jurisdiction of the action. It moves also under rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint on the ground that there is no disputed issue of fact and that the undisputed facts indicate that the court has no jurisdiction and that the plaintiff is not entitled to the relief demanded. The defendant moves further under rule 212 of the Rules of Civil Practice to dismiss the complaint, urging that the court in its discretion should decline to entertain the action. The plaintiff has brought this action for a judgment declaring that he is not engaged in the sale of tangible personal property within the meaning of the provisions of the New York City Sales Tax Law, but performs personal services of a professional nature, the fees for which are not subject to said sales tax. In brief, the plaintiff, a graduate architect, but not licensed, states that he is engaged in the business of an architectural renderer, and that his work consists of applying his professional skill and knowledge of architecture in conjunction with architects in the drawing and formation of plans and specifications for the construction of various buildings and that he projects the final plans into a visual image of the structure to be built so as to reflect the architectural qualities of the particular structure. Such visual image is known as a “rendering”. He alleges that he receives fees as agreed upon with his client and that no separate charge is made for materials used. His complaint alleges that he is engaged solely in the performance of professional services and not in selling tangible personal property at retail or otherwise.
The defendant the City of New York in its answer denies the material allegations of the complaint, denies that the plaintiff is engaged in the performance of professional services, and alleges that plaintiff is engaged in selling tangible personal property. Both sides have submitted affidavits in support of their respective positions and bearing upon the nature of the work done by the plaintiff, as well as explaining what a renderer is and what constitutes a rendering.
These affidavits contain many allegations which are factually contradictory. Such manifold contradictions may not be resolved on a motion by the defendant for summary judgment. It is not for this court to determine on such a motion whether the virtue of credibility rests with one side or the other. The contradictions exhibited here are sufficient to require a trial of the issues of fact in order to arrive at a proper conclusion as to plaintiff’s liability.
*476 The branch of the motion made pursuant to the provisions of subdivision 9 of rule 113, is accordingly denied, as is also the branch of the motion made pursuant to rule 107. This branch of the motion is bottomed on defendant’s claim that the facts are undisputed. A reading of the conflicting affidavits clearly exhibits the error of such contention. The plaintiff is not restricted to the so-called exclusive remedies provided by the Sales Tax Law (Administrative Code of City of New York, § N41-10.0). An action for a declaratory judgment may be maintained despite the provisions of a taxing statute which provide that the method of review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute by its terms does not apply in a given case. (Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234.)
The plaintiff here has challenged the applicability of the statute. He is accordingly not shackled by the provision prescribing the judicial review set forth therein. The case of Booth v. City of New York (268 App. Div. 502, affd. 296 N. Y. 573) contains a holding to the same effect. The filing of a return and an amended return does not prevent the prosecution of the present action.
The branch of the motion under rule 212 that the court in its discretion refuse to take jurisdiction of this action is accordingly denied.