Aron Steuer, J.
This motion to dismiss the complaint presents a single narrow question. The action is for a declaratory judgment declaring that plaintiff’s occupation is not subject to the unincorporated business tax. Plaintiff has gone through all the administrative procedures prescribed by statute and contested the question. The taxing authorities overruled his contentions and assessed the tax. This action followed. The motion to dismiss rests on the ground that plaintiff’s sole remedy is to proceed by way of certiorari to review the administrative determinations.
There is no doubt that the statute so provides (Tax Law, § 375). But it has long been the law that this remedy is. not exclusive in two situations — where the constitutionality of the tax is challenged or where the question is whether the tax is applicable to the particular person or transaction (Hoffman v. City of Syracuse, 2 N Y 2d 484). Defendant does not dispute this general rule but claims its application is limited to situations where the action is brought prior to the institution of administrative proceedings. After completion of such proceedings it is argued that certiorari is the sole remedy. It is only to a degree that this correctly states the law. In the two excepted cases the holding of administrative proceedings does not preclude judicial review by way of declaratory judgment (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222).- And this is so even if by statute certiorari is made the exclusive remedy (All American Bus Lines v. City of New York, 268 App. Div. 508). The sense in which defendant’s contention is correct is that as to all other questions the administrative determination can only be reviewed as the statute directs. Motion denied.