OPINION OF THE COURT
Harold Hyman, J.
The substitute assignee, Harkow, has filed his final account and is seeking judicial settlement thereof, commissions and fees for his legal services rendered, disbursements and other relief. Among the other items of relief, he seeks a judicial determination as to the validity, correctness and liability of the sales tax, business tax and commercial occupancy tax claims of the City of New York.
The City of New York, Department of Finance (Finance Administration) opposes that part of the application of the substitute assignee which seeks a determination as to the validity of its claims, contending that having filed its proof of claim for tax deficiencies allegedly due from the assignor for such items with the original assignee on or about June 17, 1966, and since no objection was raised by the then assignee to any of such items, that any present dispute regarding the amount or propriety of the taxes claimed by the said department must be resolved in accordance with the city’s tax laws imposing taxes and may be reviewed only as provided for therein. The city further contends that it was incumbent upon the former assignee to have applied to the city’s Finance Administrator for a statutory administrative hearing for redetermination of any of such claims and that the failure to do so precludes the present proceeding in view of the city’s Administrative Code which it contends provides "that if any person (including a fiduciary such as the assignee) [for the benefit of creditors] disputes a determination by the City’s Finance Administrator of a tax deficiency, such person must apply to the Finance Administrator for a statutory administrative hearing to redetermine such deficiency. (Administrative Code of City of New York, §§ L46-8.0, N46-7.0, R46-70.0.)” Also that "the decision of the Finance Administrator on such hearing *722 [is] shall be subject to judicial review * * * by a proceeding under Article 78 of the CPLR * * * and that such review shall be the exclusive remedy available. (See Administrative Code, §§ L46-10.0, N46-10.0 and R46-71.0).”
The present substitute assignee (the first having been removed by court order) contends that "not a single fact is stated” in the city’s affidavit to even suggest the existence of an iota of validity or correctness in said tax claims, nor is there any, even the slightest proof adduced therein that "the Assignor, in the conduct of its business, was ever subject to the Sales and Compensating Use Tax Law or otherwise subject or exposed to any duty, obligation or liability thereunder.” As a matter of fact, said present assignee contends the business of the assignor was not subject to said tax by reason of the nature of its business, which was merely to place advertisements in various news media on behalf of its customers for which its only income was that it received commissions from the media. The city’s claim for sales tax is $2,300.
The city’s claim for commercial rent or occupancy tax is $230, and, in that regard the present substitute assignee points out that the assignor’s landlord, Ken Isle, Inc., specifically indicated by its claim that the assignor’s rent was $165 per month or $1,980 per year for the two years involved in the city’s tax claim.
The substitute assignee, therefore, contends that at best, the city’s claim for the period of such tax could not exceed $49.52 per annum, for a two-year total of $99.04.
The claim of the city for business tax — $300, the assignee claims, would likewise fall within the same area as the commercial rent tax.
Too long now has the procedure adopted by the Finance Department of the City of New York been allowed to exist, in that upon notification of a bankruptcy or an assignment for the benefit of creditors by a business entity, the department has seen fit to file a claim for some arbitrary and capriciously selected amount without giving thought to knowledge, merit or to the validity of its claim, by usually being in some outlandishly exaggerated amount, and to then rest its demand upon a preclusion of its conclusiveness because of the fiduciary’s failure in not having contested same.
Returning to the issue of the sales tax, the court finds that there is considerable merit to the contention of the substitute assignee that the business conducted by the assig *723 nor was not such as to be subject to such tax, in that the assignor was not engaged in the sale of any taxable property or service within the purview of section N46-2.0 of title N of the Administrative Code of the City of New York. And, in that regard, since the taxing authority on its very face may be exceeding its powers given to it by the Legislature there may be recourse to the remedy of a declaratory judgment by the claimed tax debtor (Booth v City of New York, 268 App Div 502, 505, affd 296 NY 573), despite the provisions of the taxing statute which provides that the method of judicial review prescribed shall be exclusive, and this is also so where it is claimed that the taxing statute by its own terms does not apply in a given case (Booth v City of New York, supra, 268 App Div 502, 506, supra; Richfield Oil Corp. v City of Syracuse, 287 NY 234; Dun & Bradstreet v City of New York, 276 NY 198).
It is true that the proceeding herein involved is not per se one which is called an action for declaratory judgment, but under the liberal mandate of CPLR 104 the present proceeding may be so considered in order to secure the just, speedy and inexpensive determination of this civil judicial proceeding. The form of the proceeding, under such section, may be disregarded (Board of Educ. v Allen, 25 AD2d 659).
Furthermore, an examination of chapter 46 of the Administrative Code, title A, Sales and Related Taxes, subdivision (a) of section A46-1.0, although including in its definitions "assignee” does not, from the very body of the entire chapter impose the restriction contended by the city except that part II, section A46-2.0 makes the assignee subject to the imposition of the sales tax based upon receipts received or obtained by said assignee from sales made by the assignee of tangible personal property which may have come into the possession of the said assignee by virtue of the assignment (Administrative Code, § A46-2.0, subd [a]). In the Administrative Code, title N, referring to sales tax, subdivision 1 of section N46-1.0, the assignee or any other person acting in a fiduciary or representative capacity, whether appointed by a court or otherwise, is again made subject to the said tax insofar as such assignee or fiduciary is required to make a "return” with respect to the sale of "tangible personal property”; again such is defined as corporeal personal property of any nature thus making him a vendor required to file such a return and to pay the tax upon any such sale made by him. And, with respect to any such tax *724 unpaid, for which a return is not filed, the said assignee or fiduciary is made subject to the method of determination by the Director of Finance (Administrative Code, § N46-7.0) and to the exclusive remedies with respect to said tax insofar as review of the liability is concerned (Administrative Code, § N46-10.0); but nowhere in said Administrative Code referring to special city taxes is there any restriction placed upon an assignee to make objection or to have otherwise determined the validity of a claim for taxes due from the assignor’s estate prior to the assignment to the assignee.
It is the opinion of this court that the Legislature, in enacting the enabling statute permitting the imposition of the special city taxes by the City of New York never intended to supersede or limit an assignee for the benefit of creditors from having the court restricted from determining either the validity, the allowance or disallowance of claims filed with the assignee which may be due from the estate of the assignor or to reconsider any claim made against the estate of the assignor pursuant to subdivision 1 of section 15 of the Debtor and Creditor Law. It is the further opinion of this court that the City of New York, in enacting its special legislation imposing the special city taxes, likewise never intended to restrict the court from making any such determination.
Certainly the Legislature has provided the court with the broadest of powers to enable it to find and determine the validity or invalidity of any claim which, for want of record or otherwise would not have been valid as against the claims of creditors of the assignee even though they be claimed as liens against the assignor’s estate (Debtor and Creditor Law, § 17). It has been also held that equitable principles are entitled to great consideration in assignment proceedings such as this (Matter of Anderson’s Farm Serv., 195 Misc 236).
With respect to the commercial rent tax and the business tax claims made by the city against this estate, there likewise appears to be a per se deliberate and knowledgeable exaggeration of the amount, if any be, due to claimant; and, although it be true that the law to date has held that where it is sought to set aside an assessment or tax claim on a ground other than for lack of constitutionality or application, that the claim can be reviewed only in the manner provided for by the statute providing for such exclusive procedure (Booth v City of New York, supra; Glushak v City of New York, 9 Misc 2d 474, 476; Richfield Oil Corp. v City of Syracuse, supra), that never *725 theless, in an assignment for the benefit of creditors, where the rights of creditors must be carefully protected not only by the assignee but also by the court, the foregoing is likewise true. That is, that the assignee is not restricted by the exclusivity provisions of the Administrative Code afore-mentioned in taking objection to the validity, either as to its imposition or amount of such claims. Certainly an unconscionable amount claimed, even by municipal authority must not be allowed to become final and preclusionary as against other creditors who have received no notice of the alleged tax claims.
It is the opinion of this court that it is the duty of the court, over and above the duty of the assignee, to see to it that creditors, priority or otherwise, are protected and this includes the protection against invalid or unconscionable claims regardless of the default of an assignee to have raised the issue prior to a final accounting in said estate. To do otherwise would be to permit one creditor to pre-empt the rights, duties, jurisdictions and functions of the court to the detriment of other creditors without their knowledge or consent. This should not be, and cannot be permitted regardless of whether a claim may or may not be made against a defaulting or negligent assignee. This is particularly so where the claim is obviously, deliberately, or even unknowingly, unconscionably exaggerated.
In the instant matter, the substitute assignee is to be commended for his diligence and care in the treatment of the city’s tax claims.
The claims of the City of New York are herewith set down for hearing and determination before this court for March 9, 1978 at 10:00 a.m. at this courthouse at Special Term, Part 1 thereof.
The balance of the substitute assignee’s motion is herewith held in abeyance until a full and complete determination of the foregoing.