In the Matter of ALDENS, INC., Appellant, v JAMES H. TULLY, JR., et al., as Constituting the State Tax Commission, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 20, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission. The issue in this case is whether the petitioner was required to collect and pay over the local taxes imposed by all local taxing jurisdictions

in New York. The taxpayer agrees it is responsible to collect State sales and use taxes and also local taxes. The facts have been stipulated. Petitioner operates a mail order business in 50 States, including New York State and abroad. Its main office and several warehouses are located in Illinois where it employs over 4,000 workers. Petitioner circulates catalogs in New York State to solicit purchases through Alden's Catalog Offices, Inc., a wholly owned subsidiary of petitioner, organized under the laws of Indiana, with its principal office in Chicago, Illinois. This corporation is empowered to do business in New York State. Petitioner had no inventory in New York State outside of piece goods or raw materials which were there for processing by manufacturers or temporarily stored pending shipment to manufacturers. No sales of materials or offers of sale were made in New York State by any employees or salesmen of the petitioner. Alden Catalog Offices, Inc., has four telephone offices in New York State: in Buffalo, New York City, Rochester and in Syracuse. It carries phone listings in these locations, including the "Yellow Pages" of local directories. Its employees took orders and solicited customers by phone from within its New York offices. No other type of sales efforts were performed by them. Customers of petitioner made purchases from petitioner in several ways: by filling out an order blank from an Alden's catalog or from a mail order form and mailing it to Chicago for acceptance, by telephoning an order to a New York office which order then was sent on to Chicago for acceptance, by agreeing to a telephone solicitation by petitioner's New York employees which order was then sent to Chicago for acceptance, by personally dropping into one of the four New York offices and placing an order there which was then sent to Chicago for acceptance. Petitioner's New York offices were authorized but not encouraged to receive orders for goods sold by petitioner from persons outside the local trade area. These also were forwarded to Chicago for acceptance. The New York offices had sufficient catalogs on hand to fulfill its functions. Payments for goods by cash purchase or by deferred payment were made by the buyers directly to petitioner's Chicago office. Credit checks of deferred payment buyers were made by the Chicago office. Petitioner sent items ordered by mail or by common carrier. Petitioner collected and remitted all State sales and use taxes from its purchasers of shipments of personal property sold to New York customers, but collected local sales and use taxes only on shipments of personal property sold to customers in areas where it had offices in New York State. On March 5, 1970, the Sales Tax Bureau issued a notice of determination and demanded payment of sales and use taxes in the amount of $77,933.44 plus penalty and interest, for a total of $93,902.06 for the period August 1, 1965 to November 30, 1969 for local sales and use taxes in counties other than the four where its New York offices were located to which goods sold by petitioner were shipped. Petitioner urges that the assessment is impermissible as an undue burden on interstate commerce and is violative of the due process clause of the Fourteenth Amendment. These two issues are closely related. State taxation which affects interstate commerce can only be justified when the burden it imposes on interstate commerce represents a fair share of the cost of local government whose protection it enjoys *(Greyhound Lines v Mealey,* 334 US 653; *Freeman v Hewit,* 329 US 249). In determining whether a tax falls within the confines of the due process clause, we must inquire as to whether the State gives anything for which it can ask a return *(Scripto v Carson,* 362 US 207; *Miller Bros. Co. v Maryland,* 347 US 340). In *National Bellas Hess v Department of Revenue* (386 US 753, 756), the court concluded that the mere transaction of mail order business was not sufficient to satisfy the

constitutional requirement of "some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax." The State tax was found to be unconstitutional. In *Bellas* the taxpayer had no place of business in the taxing State, no phone listings or solicitors of any kind. In *National Geographic v California Equalization Bd.,* (430 US 551), on the other hand, the court upheld the imposition of the responsibility to collect California's use tax on the taxpayer's mail order business. The presence of two of the taxpayer's advertising offices in the State for solicitation of magazine advertising was found to be a sufficient nexus between the taxpayer and the State to justify imposition of the duty. In *Scripto v Carson (supra),* the necessary basis for tax collection liability was found in the case of a Georgia-based company that had 10 part-time wholesalers, jobbers or salesmen conducting continuous local solicitation in Florida and forwarding the orders from that State to Georgia although not maintaining an office or place of business in Florida and having no property or full-time employees there. All these cases involve collection of State sales and use taxes rather than local use taxes. We note that in *National Bellas Hess v Department of Revenue (supra),* the court stated that the same considerations which justify and legalize responsibility for the collection of State taxes are equally applicable to local taxes. At issue here is whether "presence" in the State for purposes of imposing responsibility for collection of State sales and use taxes which petitioner does not contest is, also, "presence" sufficient to impose a responsibility to collect local taxes in those counties outside of the four in which petitioner has its New York offices. Petitioner presents a twofold argument: one based on the concept of undue burden on commerce and one based on a statutory interpretation of the relevant sections of the Tax Law. Petitioner contends that it is not a person required by State statute to collect local sales and use taxes in those localities where its only contact with the locality is by mail and common carrier, as part of a general interstate business. Article 29 of the Tax Law contains enabling legislation which allows local communities to impose sales and use taxes. Section 1210 thereof provides that the provisions of article 28 dealing with State taxes shall be applied to local taxes whenever those provisions can be made applicable. Section 1254 imposes the duty to collect taxes on persons defined and enumerated in subdivision (1) of section 1131. This section places responsibility for tax collection on vendors of personal property. The term vendors is defined in section 1101 of the Tax Law. In relevant part, it concludes a person maintaining a place of business or substantial presence in the state. Petitioner suggests that the word "locality or county" must be substituted in place of the word "state" in the definition of vendor in order not to violate the clear meaning and the logic of the whole statutory scheme. Petitioner urges that to do otherwise would violate the clear meaning of section 1220 of the Tax Law which provides that a tax imposed by a locality applies only within the territorial limits of the city, county or school district imposing the tax. We find no basis for support of petitioner's logic in section 1220. Petitioner urges that the section indicates a recognition that, as a State cannot impose a duty to collect a use tax on someone who does not engage in certain activities within the State (Tax Law, § 1101), the duty to collect local taxes will not be imposed on someone who does not engage in the same activities within a particular locality. The statutory scheme refutes petitioner's position. Section 1101 (subd [b], par [8], cl [i], subcl [B]) applies to sales made "at such place of business or elsewhere". Subdivision (4) of section 1131 subjects to the use tax "all property sold to a person within the state, whether or not the sale is made within the state".

We note that section 1213 of the Tax Law provides for the collection of use taxes by vendors on deliveries outside the local jurisdiction where the sale is made. These provisions relate to the collection of revenues and are not an extension of taxing powers beyond the limits of the locality imposing the tax. A transposition of "county or locality" for "state" in section 1101 is not mandated by the statutory scheme. Petitioner contends also that section 1254 lends support to his argument that the language of section 1101 must be adjusted because it appears to refer to the duty to collect taxes to a double situation, namely, a "person required to collect * * * tax" (as defined in section 1131) and also one who is required to collect any State tax. Petitioner argues that, if collecting a State tax is enough to thrust responsibility to collect a local use tax, the two phrases would be unnecessary. Rather than lending support to petitioner's argument, we construe the phraseology to be only a catchall device, unnecessarily redundant. Further, section 1254 specifically refers to subdivision (1) of section 1131. The definition of vendor in section 1101 (subd [b], par [8], cl [i], subcl [B]) when used in section 1254, therefore, is not necessarily modified by the limiting language of section 1210 as petitioner argues. Petitioner's strained interpretation is unpersuasive. Petitioner would have us apply the concepts of undue burden on interstate commerce to intrastate activities. The term "state" is not interchangeable with the terms "city" or "school district" since the plenary jurisdiction attributes of the State cannot appropriately be attributed to a county and city or a school district. We concur with the position of the Tax Commission. The protection of the interstate commerce clause is lost once the corporation is found to have a sufficient presence within the State. The petitioner's four offices in New York State and its employees constitute such a presence (National Geographic v California Equalization Bd., supra). Since it is present within the State, it is subject to the same general rules applicable to any other New York vendor. The interpretation of the Tax Commission is a reasonable and rational one and must be upheld (Matter of Howard v Wyman, 28 NY2d 434). Judgment affirmed, without costs. Greenblott, Main and Mikoll, JJ., concur.

Mahoney, P. J., and Sweeney, J., dissent and vote to annul in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). The oft-enunciated rule for imposition of local burdens on foreign corporations engaging in interstate commerce is that there must be some minimum connection between the State and that which it seeks to tax (National Geographic v California Equalization Bd., 430 US 551; National Bellas Hess v Department of Revenue, 386 US 753, 756; Miller Bros. Co. v Maryland, 347 US 340, 344-345). The mere solicitation of sales by a foreign corporation, absent a permanent sales office or sales force within the taxing State, does not justify the imposition of a duty to collect State sales and use taxes (compare National Bellas Hess v Department of Revenue, supra; Miller Bros. Co. v Maryland, supra, with National Geographic v California Equalization Bd., supra; Scripto v Carson, 362 US 207). The same rule should apply to sales and use taxes imposed by local governments (see National Steel Corp. v City of New York, 1 Misc 2d 1012, affd 283 App Div 867, mot to dism app den 307 NY 837, mot to delay oral argument granted 308 NY 745; cf. Society of Plastics Ind. v City of New York, 68 Misc 2d 366, 385). To do otherwise would tend to "balkanize the American economy" by exposing foreign corporations to an array of varying local tax rates without a corresponding nexus to the taxing localities (see National Bellas Hess v Department of Revenue, supra, pp 759-760; cf. Matter of Gillette Co. v State Tax Comm. 56 AD2d 475, 482, affd 45 NY2d 846). Therefore, petitioner

should not be responsible for collection of local sales and use taxes in counties whre it does not have an office or sales force. Accordingly, the determination should be annulled.